### UNITED STATES v. SMITH.

(District Court, E. D. Pennsylvania. February 26, 1915.)

#### No. 14.

POST OFFICE ⬤⟿18—FRAUDULENT USE OF MAILS—INDICTMENT—VARIANCE.

On the trial of a person for using the mails in aid of a scheme to defraud by representing himself to be a physician and specialist in certain diseases, inviting the submission of statements of symptoms and, irrespective of what the symptoms indicated, inducing the belief in the patients that they were the victims of serious ailments and in dire need of medical attention, evidence showing that accused's acts constituted a scheme to defraud, and that fraudulent use was made of his professional character and experience, supported a conviction, though the indictment characterized as false and fraudulent each element in the scheme, whereas in fact the evidence did not justify a finding that accused's representation that he was a physician and specialist was false.

[Ed. Note.—For other cases, see Post Office, Cent. Dig. §§ 67–80; Dec. Dig. ⬤⟿48.]

W. O. Smith was convicted of using the mails to defraud, and he moves for a new trial and in arrest of judgment. Motion discharged.

Francis Fisher Kane, U. S. Atty., and John H. Hall, Asst. U. S. Atty., both of Philadelphia, Pa., for the United States.
A. B. Geary, of Chester, Pa., for defendant.

DICKINSON, District Judge. The first reason assigned in arrest of judgment is that the proofs adduced at the trial fell short of the averments of the indictment. The facts in the case, from the viewpoint presented on this motion, are that the defendant was a practicing physician and a specialist in certain forms of nervous diseases, which he was because of this able to successfully treat. The indictment charged the scheme or artifice to defraud consisted, among other things, in the defendant falsely representing himself to be a physician and a specialist as above stated. No proof of the falsity of these representations was offered at the trial, and the representations were shown by the evidence offered on behalf of the defendant to have been true. The position is now taken by the defendant that the falseness of these representations was an essential part of the scheme or arti-

fice to defraud with which the defendant was charged in the indictment, and, the United States having failed in its proof of these averments, the verdict is left without support.

The charge as presented in the indictment was a scheme or artifice to defraud within the meaning and the language of the acts of Congress upon the subject. The scheme or artifice laid at the door of the defendant by the indictment consisted in representing to intended dupes of the defendant that he was a physician professionally equipped and specially trained in the diagnosis and treatment of certain diseases and ailments. This, of course, was for the purpose of inspiring them with confidence in him and trust in his judgment of their condition. The scheme further contemplated that the persons thus approached should be invited to submit statements of symptoms to the defendant, and that, irrespective of what the symptoms indicated, whether health or disease, the defendant would dupe the patients into the belief that they were the victims of serious ailments and in dire need of medical attention, when in point of fact they were in normal health, and thus fraudulently induce them to part with their money for the defendant's benefit.

The gravamen of the offense, so far as the United States is concerned, was, of course, the use of the mails in the promotion of the fraud. The indictment, it is true, characterizes as false and fraudulent each element in this scheme. It is likewise true that the evidence would not have justified a finding that every representation made by the defendant was false, in the sense of being an untrue statement in fact. In particular, the evidence would not have warranted a finding that the defendant was not a physician, nor that he had not made a specialty of the treatment of certain ailments. There was evidence, however, to support the finding that the acts of the defendant constituted a scheme to defraud, and that fraudulent use was made of the professional character and experience of the defendant.

Counsel for the United States were following good principles of pleading in characterizing each element in the fraudulent scheme as false in fact, as well as fraudulent in use. By this the burden is not assumed of proving every averment of falsity, as well as the averment of fraud. The case is within the principle, the soundness of which is not controverted by counsel for the defendant, that the consonance of probata and allegata does not require that every averment in the indictment should be proved in order to warrant a conviction. It is enough if so much of the charge be proved as constitutes an offense against the law, and the offense for the commission of which the defendant stands indicted.

The second reason is based upon the assertion of the insufficiency of the evidence to support a conviction. This really also includes the third. If the case involved, as counsel for the defendant assumes, nothing more than a difference of diagnosis, or of opinion as to the proper diagnosis, the position would be well taken that a mere difference of opinion offered no evidence in itself of any insincerity in any one of the opinions. The case presented against this defendant, however, was more than a difference of opinion. He was a physician. When the defense, as well as the case for the United States, was

under the consideration of the jury, there was evidence of competency and experience as a medical practitioner. Moreover, whether there was knowledge or ignorance on the part of the defendant, the real question is the same.

The evidence for the United States was full, and indeed unanswerable, that the symptoms which the defendant represented to his prospective patients as alarming evidence of disease were in fact no symptoms of disease at all, but of normal health. In point of fact, the symptoms set forth were the recognized symptoms of perfect health. This afforded the basis for the judgment of the jury as to whether or not, under all the evidence, the diagnosis made by the defendant was a fraudulent one. A finding of guilt is consistent with the view that, without knowledge of whether the symptoms were those of health or disease, the defendant, with the intent of fraudulent deception, meant to frighten the supposed patient into parting with his money. The finding is likewise consistent with the view that the defendant, being a physician, with a like purpose pretended the symptoms to be those of disease, when he knew them to be indicative of health.

The case was fairly presented on behalf of the United States, and the defense was adequately and ably presented to the jury. There is no complaint made of the mode or manner of its submission.

The motion for a new trial is therefore discharged, and the United States has leave to move for sentence.