HOLLIS v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. November 12, 1917. Rehearing Denied December 15, 1917.)

No. 3121.

CRIMINAL LAW ☞510—EVIDENCE—ACCOMPLICE TESTIMONY.
    In the federal courts, a conviction can be had on accomplice testimony, uncorroborated.

In Error to the District Court of the United States for the Northern District of Alabama; William I. Grubb, Judge.

Tom Hollis was convicted of conspiring to commit an offense against the United States, and he brings error. Affirmed.

Louis Silberman, of Birmingham, Ala., for plaintiff in error.

Robert N. Bell, U. S. Atty., and Ralph W. Quinn, Asst. U. S. Atty., both of Birmingham, Ala.

Before WALKER and BATTS, Circuit Judges, and FOSTER, District Judge.

FOSTER, District Judge. Tom Hollis, the plaintiff in error, was charged, together with Tom Collier, Jim Raper, Oscar Linn, and Simp Patterson, with conspiring to commit an offense against the United States, to wit, to assault two postal clerks having charge, control, and custody of mail matter, with intent to steal the said mail matter. The three counts of the said indictment charged variations of the same transaction. He was convicted and sentenced to a term in prison, and has sued out a writ of error to this court, assigning some 50 errors.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

At the trial in the District Court Raper pleaded guilty, and the government entered a nolle prosequi as to Linn. Both of them testified as witnesses for the government. Objection was made to the testimony of these witnesses on various grounds, and it is the contention of Hollis that their evidence was not sufficient to support the conviction, and that there was no other evidence, direct or corroborative, that would do so. He therefore moved for the general charge in his favor.

The District Judge charged the jury fully on the law of the case, and specially with regard to the necessity of corroboration of the testimony of Raper and Linn, as they were accomplices. There is practically no corroboration in the record before us of this testimony as to the participation of Hollis in the conspiracy. However, while in some of the states it is necessary that the testimony of an accomplice be corroborated to warrant conviction, there is no such rule in the federal courts, and if the jury believed Raper and Linn the verdict is amply supported. Caminetti v. United States, 242 U. S. 470, 37 Sup. Ct. 192, 61 L. Ed. 442, Ann. Cas. 1917B, 1168.

We find no prejudicial error in the record, and the judgment is affirmed.

Louis Silberman, of Birmingham, Ala., for plaintiff in error.

Robt. N. Bell, U. S. Atty., and Ralph W. Quinn, Asst. U. S. Atty., both of Birmingham, Ala.

