## CLARK v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. October 25, 1923.)

No. 4200.

1. **Post office ⬅48(4)—Essentials of indictment for using mails to defraud stated.**

An indictment under Criminal Code, § 215 (Comp. St. § 10385), for using the mails to defraud, is good against demurrer if it clearly sets out a scheme or artifice to defraud, followed by allegation of the deposit of a letter or letters in the mails in execution of such scheme.

2. **Criminal law ⬅753(2)—Court may not direct verdict on conflicting evidence.**

The court is authorized to direct a verdict for defendant only where the evidence is such that no reasonable man could come to a contrary conclusion.

3. **Criminal law ⬅814(1)—Refusal of instruction stating abstract proposition of law held not error.**

Refusal of a requested instruction which stated an abstract proposition of law, as applied to the case, and which could not aid the jury, *held* not error.

4. **Criminal law ⬅338(2)—Court has wide discretion in admitting circumstantial evidence.**

Where the evidence in a case is largely circumstantial, the court has a broad discretion in admitting testimony of facts which may have a bearing on the guilt or innocence of defendant.

5. **Criminal law ⬅481, 741(4)—Qualification of expert is for court, and weight of his testimony for jury.**

The question of the qualification of a witness as an expert is for the court, and the weight to be given his testimony is for the jury.

6. **Criminal law ⬅404(5), 491(1)—Comparison of handwriting is permissible.**

Witnesses may be required to write sentences in court for comparison of their handwriting with that of documents in evidence, and the comparison may be made by an expert, who may state the grounds for his opinion, and by the jury.

7. **Criminal law ⬅510—Conviction may be based on uncorroborated testimony of accomplice.**

A conviction may be sustained on the testimony of an accomplice, though uncorroborated.

In Error to the District Court of the United States for the Middle Division of the Northern District of Alabama; William I. Grubb, Judge.

Criminal prosecution by the United States against Andrew L. Clark. Judgment of conviction, and defendant brings error. Affirmed.

Erle Pettus, of Birmingham, Ala. (P. W. Shumate, of Guntersville, Ala., on the brief), for plaintiff in error.

Jim C. Smith, Asst. U. S. Atty., of Birmingham, Ala. (C. B. Kennamer, U. S. Atty., of Guntersville, Ala., on the brief), for the United States.

---

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Before WALKER and BRYAN, Circuit Judges, and CALL, District Judge.

CALL, District Judge. The plaintiff in error was indicted in the Middle division of the Northern district of Alabama, charged with violation of section 215 of the Penal Code (Comp. St. § 10385). The indictment contains seven counts. Upon the trial the second and fourth counts were withdrawn from the jury because no evidence had been submitted in support of them. The jury returned a verdict of guilty on the first, third, fifth, sixth, and seventh counts. The court imposed a sentence of imprisonment in the Atlanta Federal Penitentiary for the term of three years. To this judgment writ of error was sued out from this court. Demurrers were interposed to each count, which demurrers were overruled. The overruling of these demurrers is the first error assigned.

The first count, in short, in charging the scheme to defraud, charges that the plaintiff in error, having knowledge that certain persons had theretofore been engaged in business in Guntersville, Ala., as "Guntersville, Produce Company," and had established by their dealings a good reputation for honesty, and had secured a financial and credit rating, entitling them to credit for the purchase of merchandise with R. G. Dun & Co., to whom merchants and others refer to ascertain the credit rating of persons desiring to make purchases on credit, and having knowledge that "Guntersville Produce Company" had been dissolved and had gone out of business, as part of a scheme and artifice to defraud, did commence to operate a store in Guntersville, Ala., in the name of "Guntersville Produce Company," for the purpose and with the intent of creating in the minds of wholesale and retail merchants and others with whom he would seek to transact business, and from whom he would order to be shipped to Guntersville Produce Company goods and merchandise, to be paid for at a future day, the false impression and belief that such orders were sent by the parties theretofore doing business as the Guntersville Produce Company, thus creating in the minds of such wholesalers the belief that the original parties were still engaged in business, in order to procure credit and to ship him goods so ordered, which he did not intend to pay for at the time he gave the orders therefor, but, on the contrary, intended to convert to his own use. The count then further charges the deposit in the United States mails of a letter to H. Rubin & Sons in New York, ordering certain goods in furtherance of the scheme to defraud, the letter being set out in hæc verba.

The third count, charging the scheme to defraud, alleges in the beginning that the plaintiff in error would pretend to be engaged in the legitimate business of a dealer in general merchandize, offering for sale to the general public such goods, and that he would pay for such goods as were sold to him, and would make prompt and ready remittances for such consignments of goods as were made to him, within 30 and 60 days from the time he received such consignments, pretending to be conducting such business at Guntersville, Ala., under the name of Guntersville Produce Company; that such representations were made

to wholesale and retail merchants residing elsewhere than in Guntersville, in order that such merchants would make consignments of merchandise in answer to orders sent to them by defendant, whereupon he would convert same and the proceeds of the sale thereof to his own use, he not intending at the time said orders were sent to pay for same, but intending at the time the orders were sent to convert same and the proceeds of the sale of same to his own use without paying for same or any part thereof. This count then charges the mailing of the letter to H. Rubin & Sons, New York, as charged in the first count.

The fifth count adopts and makes a part of said count the description of the scheme and artifice to defraud as set forth in the first count, and alleges, to carry out same, a letter to Davis Manufacturing Company, doing business in Knoxville, Tenn., ordering certain goods to be shipped to Guntersville Produce Company.

The sixth count adopts and makes a part of this count the scheme or artifice as described in count 1, and alleges the same letter to Davis Manufacturing Company as is done in the fifth count, and further alleges that Davis Manufacturing Company was one of the class of persons the scheme was devised to defraud.

The seventh count adopts and makes part thereof said scheme and artifice to defraud alleged in the third count, alleges the mailing of the letter to Davis Manufacturing Company, and further alleges that the Davis Manufacturing Company was one of the class intended to be defrauded. Each of these last two counts adopts and makes part of the count the letter to Davis Manufacturing Company, set out in the fifth count in hæc verba.

The first error assigned is that the court erred in overruling the defendant's demurrer to the first, third, fifth, sixth, and seventh counts.

Section 215 of the Penal Code (Comp. St. § 10385), in so far as it is applicable to the present case, reads as follows:

"Whoever, having devised * * * any scheme or artifice to defraud or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, * * * shall for the purpose of executing such scheme or artifice * * * place or cause to be placed any letter * * * in any post office * * * to be sent or delivered by the post office establishment of the United States," etc.

[1] All that is necessary in framing an indictment under section 215 of the Penal Code is to allege that the scheme or artifice to defraud be devised and a letter placed in the post office establishment to execute the scheme. U. S. v. Young, 232 U. S. 155, 34 Sup. Ct. 303, 58 L. Ed. 548. If the scheme or artifice to defraud be clearly set out in the indictment, and this is followed by the allegation that in the execution of such scheme the Post Office Department of the United States is used, by depositing a letter, etc., the indictment is good against demurrer.

As said by Justice Field in U. S. v. Hess, 124 U. S. 486, 8 Sup. Ct. 573, 31 L. Ed. 516, speaking of section 5480, R. S.:

"The statute is directed against 'devising or intending to devise any scheme or artifice to defraud' to be effected by communication through the post office. As a foundation for the charge a scheme or artifice * * * must be stated, which the accused either devised or intended to devise, with all

such particulars as are essential to constitute the scheme or artifice, and to acquaint him with what he must meet on the trial."

While section 5480, R. S., has been amended by section 215 of the Penal Code, in that it is not necessary that the scheme or artifice to defraud should have been devised with the intention that it should be effected through the post office, yet under the Penal Code it is necessary to set out the scheme or artifice to defraud with all such particulars as are essential to constitute the scheme or artifice, and to acquaint the accused with what he must meet on the trial. Testing each count of this indictment by this rule, there can be no question but that the indictment states a scheme or artifice to defraud. Each count, after stating the scheme devised, alleges that this scheme was devised with the intention then not to pay for goods ordered, but to convert the goods and proceeds of the sale of same to his own use. Unquestionably, if the allegations of each of these counts were sustained by the proofs, the defendant (plaintiff in error) would be guilty of violating section 215 of the Penal Code. There is no error in the ruling of the court on this demurrer.

The second, third, fourth, fifth, sixth, seventh, and eighth assignments of error are directed to the refusal of the court to give certain charges as requested. The second, third, fourth, fifth, and eighth assignments are directed to the court's refusal to give certain charges in which the accused requested the court to charge the jury they could not under the evidence find the defendant guilty of each count separately, and the straight charge that they could not find him guilty under the indictment.

[2] A careful survey of the testimony shows that the testimony of the different witnesses is in sharp conflict. The decision upon this conflict is eminently for the jury. The court could not pass upon it The court is authorized to give an affirmative charge such as is asked for in these refused charges only where the testimony is such that no reasonable man can come to a contrary conclusion, and this is certainly not the condition of this case. The evidence was for the most part circumstantial, and there were many circumstances substantially pointing to the guilt of the defendant of the offense charged in each count. An affirmative charge would under the circumstances have been unauthorized. Riddle v. United States (C. C. A.) 279 Fed. 216.

[3] The seventh assignment is that the court erred in refusing to charge the jury that the law of the land is vindicated by the acquittal of the innocent as much so as the conviction of the guilty. While this charge states correctly the law, as applied to this case it is purely an abstract proposition, and would not aid the jury in arriving at a correct determination of the conflict in the testimony and the circumstances therein detailed. The court fully covered the ground in its general charge as to a reasonable doubt and presumption of innocence, and in addition gave several charges asked by the defendant emphasizing these points. It was no error to refuse this charge.

Assignments 9 to 53, inclusive, are directed to the admission and exclusion of evidence at the trial. We have examined each of the exceptions reserved upon which the assignment is based, and find no er-

ror in the court's ruling. The forty-seventh assignment of error is based upon the court's ruling on the objection to the question asked Gullion when called in rebuttal. The question was as follows:

"I will ask you to take a piece of paper and put it in that machine as if you were going to write a letter."

The defendant objected to the question on the ground that it was immaterial, incompetent, irrelevant, and illegal. The court overruled this objection. The record does not disclose that anything was done by the witness. While such a performance was immaterial to the issues in the case, yet it does not appear that any prejudice resulted to the defendant by the overruling of this objection. Therefore, if error, it was harmless.

[4-6] It must be borne in mind that the testimony in the case was almost entirely circumstantial, and under that state of the case the trial court necessarily is allowed a broad discretion in admitting testimony of facts having a bearing on the proof of the guilt or innocence of the accused. We see no abuse of this discretion in this case. Objections were made to the testimony of the witness called as an expert in handwritings. The decision as to whether the witness thus produced was such expert as to be allowed to give his opinion is for the trial court. The weight to be attached to his testimony is for the jury, and this phase was fully explained to the jury in the general charge of the court. We likewise find no error in the court's action in this respect. Certain witnesses were asked to write a sentence in order that a comparison of their handwriting might be made with certain documents in evidence. This is permissible, and the comparison of such samples by the expert, as well as by the jury trying the case, is admissible. Nor is it error to permit the expert to state the grounds upon which he based his opinion that the handwriting is the same.

[7] It is stressed in argument that Gullion was an accomplice of the accused, and that his testimony was not corroborated, and therefore the conviction should be reversed. We think there was testimony corroborating Gullion's testimony, but it is immaterial whether there was or not. If the jury believed his testimony, then they had the right to and should have convicted the accused. Hollis v. United States, 246 Fed. 832, 159 C. C. A. 134.

We find no reversible error in the record, and the judgment of the lower court is therefore affirmed.