**Rogers CROCKETT, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 15808.**

United States Court of Appeals
Fifth Circuit.

June 22, 1956.

Wesley R. Asinof, Atlanta, Ga., for appellant.

James W. Dorsey, U. S. Atty., John W. Stokes, Jr., Asst. U. S. Atty., Atlanta, Ga., for appellee.

Before HUTCHESON, Chief Judge, and RIVES and JONES, Circuit Judges.

JONES, Circuit Judge.

The case on appeal is thus stated by the appellant:

"Appellant herein was indicted in the District Court of the United States for the Northern District of Georgia, Atlanta Division on two (2) counts charging him with unlawfully, wilfully and knowingly possessing, and aiding and abetting another person or persons to possess 22 gallons of distilled spirits not bearing tax stamps and removing, depositing and concealing the same. A jury trial was waived and the trial proceeded before the Hon. Judge Frank A. Hooper. After hearing evidence for both sides the court found appellant guilty as charged and imposed a sentence of one year and one day in the custody of the Attorney General. Appellant then appealed the conviction to this court."

City police officers of Atlanta, Georgia, had appellant's residence in that city under observation on the night of February 1, 1954. At two in the morning and again at four they observed a 1946 Chevrolet automobile and a 1953 Oldsmobile in the appellant's driveway. They checked again a couple of hours later, more or less, and both cars were gone. The officers, while cruising in a police car, met the Chevrolet about 6:45 A. M. at a place which was estimated to be about two miles distant from the appellant's home. The officers turned around in their car to follow the Chevrolet. As they did so, the appellant came on foot to the officers' car, ran alongside it as it was turning, and tried to query them as to whether they knew some other officer. The Oldsmobile was parked nearby. The officers drove away from appellant, followed the Chevrolet, and stopped it after a chase of about six blocks. The Chevrolet was being driven by Troy Matthews. No one was in the car with him. In the Chevrolet were twenty-two gallons of unstamped moonshine whiskey. The whiskey was confiscated and Matthews was placed under arrest.

After the Chevrolet had been stopped, the appellant drove up in his Oldsmobile and got out. He denied any knowledge concerning the Chevrolet, the whiskey, or Matthews. He expressed the view that the Chevrolet must have been parked at his home by a neighbor. He made no further statements about the other police officer or anything else. He was taken into custody along with Matthews.

In the appellant's billfold which he was carrying on the morning of the events recounted, was a list of names and figures. The appellant at first contended the names were of persons having poultry for sale and the figures were of quoted poultry prices. The appellant was or had been a poultry dealer. He specified certain towns as being the places where these supposed poultry sellers resided. The officers proposed to take him to the towns he designated to verify his story. He declined this offer and admitted that the persons named did not live at the places he had specified.

In the property to the rear of appellant's home and accessible through appellant's garage, was found a half gallon of non-tax-paid whiskey. In appellant's house was a certificate of registration of the Chevrolet in the name of Elmo Beasley, dated March 17, 1953. The car had previously belonged to the appellant who had transferred the title to Beasley, formerly a roomer at appellant's home. Beasley, said appellant, had sold the car and had gone into the Army, leaving the certificate of registration in the home of the appellant.

The appellant specifies two errors; first that his motion for a judgment of acquittal was not granted, and second, that the evidence was insufficient to sus-

tain a conviction. As argument for a reversal he contends that there is no evidence to show he was at home when the Chevrolet was there observed, or that the Chevrolet was his or under his control, or that the whiskey was in the Chevrolet while parked at his home.

 As said by the Court of Appeals for the District of Columbia:

"It is not disputed that upon a motion for a directed verdict, the judge must assume the truth of the Government's evidence and give the Government the benefit of all legitimate inferences to be drawn therefrom." Curley v. United States, 1947, 81 U.S.App.D.C. 389, 160 F.2d 229, 232, certiorari denied 331 U.S. 837, 67 S.Ct. 1511, 91 L.Ed. 1850; 331 U.S. 837, 67 S.Ct. 1512, 91 L.Ed. 1850, rehearing denied 331 U.S. 869, 67 S.Ct. 1729, 91 L.Ed. 1872; 331 U.S. 870, 67 S.Ct. 1750, 91 L.Ed. 1873.

This court, in affirming a refusal to direct a verdict of acquittal, stated it to be the rule that:

"The court is authorized to give an affirmative charge such as is asked for in these refused charges only where the testimony is such that no reasonable man can come to a contrary conclusion, and this is certainly not the condition of this case. The evidence was for the most part circumstantial, and there were many circumstances substantially pointing to the guilt of the defendant of the offense charged in each count. An affirmative charge would under the circumstances have been unauthorized." Clark v. United States, 5 Cir., 1923, 293 F. 301, 304.

"Circumstances which merely raise suspicion or give room for conjecture are not sufficient evidence of guilt". Kassin v. United States, 5 Cir., 1937, 87 F.2d 183, 184. But here the circumstances establish a chain of events which go far beyond the suspicion and conjecture stage. The liquor-bearing Chevrolet being parked at appellant's home might, perhaps without more, be regarded as a coincidence. The presence of the appellant at a place, two miles from his home, where the liquor-laden Chevrolet was later discovered, and the attempt of appellant to divert the officers with conversation while running alongside their pursuing car might, with meagre plausibility, be urged as merely raising suspicion or giving rise to conjecture; but the following of the police car and the joinder by appellant of those participating at the scene of the arrest, together with the other proofs submitted, supplied sufficient evidence of guilt to sustain a judgment of conviction. The judgment is

Affirmed.