**Charlie D. JETT and Richard H. Cole,
Appellants,**

v.

**UNITED STATES of America,
Appellee.**

**No. 24502.**

United States Court of Appeals
Fifth Circuit.

April 8, 1968.

Robert B. Thompson, Gainesville, Ga., Edgar L. Jenkins, Jasper, Ga., for appellants.

Charles B. Lewis, Jr., Asst. U. S. Atty., Atlanta, Ga., Charles L. Goodson, U. S. Atty., Northern Dist. of Georgia, Henry C. Stockell, Jr., Regional Counsel, John A. Macomber, Atty., Internal Revenue Service, Atlanta, Ga., on the brief, for appellee.

Before WISDOM, BELL and DYER, Circuit Judges.

PER CURIAM:

The appellants prosecute this appeal from their convictions on a jury verdict of violating 26 U.S.C. §§ 5205, 5604, and 7206(4), by conspiring to transport, possess, and transfer nontax-paid whiskey with the intention of evading the collection of the tax imposed on whiskey.

The threshold issue is the sufficiency of the evidence to support the jury verdict. The Government asserts that "A review of the facts shows circumstances which 'establish a chain of events which go far beyond the suspicion and conjecture stage.' Crokett v. United States, 234 F.2d 560 (5 Cir. 1956)." Unfortunately the chain of events does not go far enough: it goes beyond the conjecture stage, but not beyond the reasonable-doubt stage. And there lies the error.

The Court's function, so it has been said, is to find whether or not, taking the view most favorable to the Government, there is substantial evidence to support a verdict of guilty. In applying that rule, however, it is vital to keep in mind its exact meaning. "Substantial evidence * * * means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." The "conclusion" of a jury returning a verdict of guilty is that of guilt beyond a reasonable doubt. Riggs v. United States, 5 Cir. 1960, 280 F.2d 949, 953–54.

The Government sums up its case in one sentence: "It is not a case of associating with characters of low repute * * * but meetings with people known to be engaged in this liquor conspiracy." This position does not take cognizance of the basic principle that "Guilt of conspiracy may not be inferred from mere association." Causey v. United States, 5 Cir. 1965, 352 F.2d 203, 207.

A review of the complex facts in this case is unnecessary. We have studied the record carefully and conclude that the Government's case is built on "mere association". The Government's evidence, taken in a light most favorable to the Government, simply does not rise to that level of substantiality necessary to support a verdict of guilty beyond any reasonable doubt. The appellants' convictions must be reversed. Their other arguments on appeal need not be reached.

Reversed and remanded for entry of a judgment of acquittal.