## UNITED STATES *v.* YOUNG.

ERROR TO THE DISTRICT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF ALABAMA.

No. 710. Submitted January 8, 1914.—Decided January 26, 1914.

Under § 5480, Rev. Stat., it was necessary to charge not only that a scheme to defraud was devised but that it was intended to be effected by opening or intending to open correspondence with some other person by means of the post office; under § 215 of the Criminal Code it is only necessary to charge that the scheme be devised or intended to be devised and a letter placed in the post office for the purpose of executing the scheme or attempting to do so.

THE facts, which involve the construction of §. 215 of the Criminal Code, are stated in the opinion.

*The Solicitor General* for the United States.

There was no appearance or brief filed for defendant in error.

MR. JUSTICE MCKENNA delivered the opinion of the court.

Indictment under § 215 of the Criminal Code charging the use of the mails in furtherance of a scheme to defraud.

It consists of two counts to which demurrer was filed, which, in specific objections, challenged the sufficiency of the indictment. The demurrer was sustained and judgment entered quashing the indictment. The charges of the indictment, condensed, are as follows:

On the fifth of May, 1911, within the County of Mobile and the jurisdiction of the court, defendant devised a scheme and artifice to defraud various banks, persons and corporations, particularly such as could be induced through the firm of Hollingshead and Campbell, of New York City, to purchase or lend money upon the notes of the Southern Hardware & Supply Company, engaged in the mercantile business at Mobile, Alabama, and of which defendant was the president.

Hollingshead and Campbell were money brokers and engaged in the business of inducing banks, persons and corporations to purchase and lend money upon commercial paper, and it was the intention and purpose of defendant in his negotiations with said firm to induce and cause it to sell and dispose of the notes of the Hardware & Supply Company and to obtain money and credit for its notes and other evidences of indebtedness. The defendant was authorized to sign such notes and other evidences of indebtedness and to prepare statements of the financial and business condition of the company.

It was a part of the scheme for defendant to induce Hollingshead and Campbell to sell and dispose of the notes of the Hardware & Supply Company and to persuade and influence the various banks, etc., to lend money upon the notes of that company, to prepare and cause to be prepared and sent through the United States mails to Hollingshead and Campbell, false and fraudulent statements of the business affairs and financial condition of the Hardware & Supply Company, and which defendant was to, and did, represent to be statements showing the correct and true condition of the business affairs and financial condition

of the Hardware & Supply Company. These statements did not show the true condition of the company's affairs, but were to show and did show its assets to be greatly in excess of those actually had and owned by it, and its liabilities to be much less than their true amount and "falsely and fraudulently showed the company to be in a much better financial condition than it was in fact at the time such statements were made and were to be made."

Part of the scheme was to make Hollingshead and Campbell believe the statements were correct, and they did make that firm so believe, and to rely upon them, and, so relying upon their truth, to recommend the purchase of the Hardware & Supply Company's notes and the lending of money upon them, defendant knowing that that company "was not then and there in a strong financial condition."

Defendant caused the statements to be sent through the United States mails to Hollingshead and Campbell. Hollingshead and Campbell believed them, and, relying upon their truth, recommended various banks, persons and corporations to purchase the notes and lend money upon the notes of the Hardware & Supply Company. The names of certain banks and the amounts they loaned are given.

For the purpose of executing the scheme and artifice, defendant deposited in the United States post office at Mobile, Alabama, a letter, dated June 27, 1911, addressed to Hollingshead and Campbell at New York. The letter contained a statement of the financial condition of the company showing the assets, liabilities and profits of the Hardware & Supply Company. It also contained comments upon the business of the company and its relations with Hollingshead and Campbell. It was sent through the mails and delivered to the latter at New York. The letter and the statements are charged to have shown the assets of the Hardware & Supply Company to be greater

and its liabilities to be less than they actually were. And it is charged that defendant having devised a scheme and artifice to defraud, and for the purpose of their execution, placed and caused to be placed in the United States post office at Mobile, Alabama, the letter above stated, and that it was sent and delivered by the Post Office Establishment of the United States.

The second count in the indictment charges defendant with having devised "a scheme and artifice for obtaining moneys, goods, and chattels by means of false and fraudulent representations and promises from various banks, persons, firms and corporations." The manner and means are charged as in the first count.

The scheme, it will be observed, was to defraud certain banks and persons and it was to be accomplished by deception practiced on Hollingshead and Campbell, money brokers, through false statements sent to that Company through the mails, whereby they would be induced to recommend the commercial value of the notes and other evidences of indebtedness of the Southern Hardware & Supply Company, of which defendant was the president. The first count charges a scheme to defraud various banks, etc., through the representations of Hollingshead and Campbell "out of their's, the said banks', and persons', firms' and corporations' moneys, goods and chattels." In the second count the scheme is alleged to be "for obtaining moneys, goods and chattels by means of false and fraudulent representations and promises" from the various banks and persons.

Commenting on the indictment, the District Court said, "The first count of the indictment does not clearly set out the scheme to defraud. It fails to allege that the scheme devised to defraud said banks, etc., was by means of false or fraudulent pretenses, representations or promises. And it fails to allege how the scheme was to be executed. It does not allege that the scheme devised was to be exe-

cuted by the use of the Post Office establishment or mails of the United States." The conclusion of the court was that the "said first count of the indictment" was "defective and insufficient."

Further commenting, the court said: "The second count of the indictment is subject to the same defects and objections as are found in the first count, except that the second count does allege that the scheme to defraud was by means of false and fraudulent representations and promises. It does not directly allege that the scheme to defraud was to be executed by the use of the Post Office Establishment or mails of the United States. In some part of the second count it is implied in an allegation in this way: That it was a part of the said scheme that the defendant was to and did prepare statements of the business affairs and financial condition of the Southern Hardware & Supply Company, and sent the same to Hollingshead & Campbell to induce them to do certain things, etc. The gist of the offense is the use of the United States mails in the execution of the scheme, or in attempting so to do. It is not an unlawful scheme unless the use of the mails was a part of the scheme, and the indictment must affirmatively allege every fact necessary to constitute the offense sought to be charged, that the court may see that an unlawful scheme has been devised. It is alleged that said statements were false and fraudulent, and that they were sent through the mails to Hollingshead & Campbell, from which it might be implied that such was a part and intention of the scheme." The court further said that implication of a material and essential fact could not supply the place of its direct averment, that there was no allegation that the banks and others to be defrauded had seen the statements sent Hollingshead and Campbell or had knowledge of them or of their contents or that they were intended to deceive the banks and to induce them to lend their money, except as this might be implied from

sending the statements to Hollingshead and Campbell. The court expressed the opinion that while "the second count is better than the first, it is insufficient in the particulars mentioned."

We have made these quotations from the court's opinion as the case is here by direct appeal under the Criminal Appeals Act as involving the construction of the statute and not of the indictment. And this is the contention of the Government, and that the court erred in failing to "note the essential differences between section 5480 of the Revised Statutes and section 215 of the Criminal Code (Act of March 4, 1909, c. 321, 35 Stat. 1088, 1130) which succeeded it."

Section 5480 (as amended in 1889, 3 Comp. Stat. U. S., p. 3697), provided, "If any person having devised or intending to devise any scheme or artifice to defraud, . . . to be effected by either opening or intending to open correspondence or communication with any person, whether resident within or outside the United States, by means of the Post-Office Establishment of the United States, or by inciting such other person or any person to open communication with the person so devising or intending, shall, in and for executing such scheme . . . place or cause to be placed any letter . . . in any post-office . . . to be sent or delivered by the said Post-Office Establishment, . . . such person so misusing the Post-Office Establishment shall, upon conviction, be punishable . . . "

Section 215 of the Criminal Code is as follows: "Whoever, having devised, or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, . . . shall, for the purpose of executing such scheme or artifice or attempting so to do, place . . . any letter, . . . whether addressed to any person residing within or outside the United States, in any post-

office, . . . to be sent or delivered by the Post-Office Establishment of the United States, . . . shall be" punishable by fine . . .

It is contended by the Government that these provisions are broader than those of § 5480 of the Revised Statutes, that under the latter it was necessary to charge not only a scheme to defraud was devised but that it was intended to be effected by opening or intending to open correspondence with some other person by means of the Post Office Establishment. Under § 215 of the Criminal Code it is only necessary that the scheme should be devised or intended to be devised and a letter be placed in the post office for the purpose of executing the scheme or attempting to do so. And as declaring the elements of the offense under § 215 and its distinction from an offense under § 5480 of the Revised Statutes, the following cases are cited: *Ex parte King,* 200 Fed. Rep. 622; *United States* v. *Maxey,* 200 Fed. Rep. 997; *Stockton* v. *United States* (C. C. A. Seventh Circuit), 205 Fed. Rep. 462; *United States* v. *Goldman,* 207 Fed. Rep. 1002.

There is a distinction between the sections, and the elements of an offense under § 215 are (a) a scheme devised or intended to be devised to defraud, or for obtaining money or property by means of false pretenses, and, (b) for the purpose of executing such scheme or attempting to do so, the placing of any letter in any post office of the United States to be sent or delivered by the Post Office Establishment. The District Court apparently overlooked the distinction between the sections and was of opinion that something more was necessary to an offense under § 215, than the averment of the scheme and its attempted execution in the manner stated. The court expressed the view, we have seen, that the indictment did not clearly set out the scheme to defraud, that it did not allege the scheme devised or attempted was by means of false or fraudulent pretenses, representations or promises, or that

the scheme was to be executed by the use of the Post Office
Establishment or mails of the United States. And the
court said that it was a necessary element of the offense
that the false statements sent to Hollingshead and Camp-
bell by defendant were to be used by the latter company to
induce the person intended to be defrauded to purchase
the notes of the Southern Hardware & Supply Company
or to lend money upon them, or that such person had
knowledge of the contents of the statements. It is mani-
fest that the court considered these facts were necessary
to be averred in order to constitute an offense under
§ 215. In this the court was in error.

*Judgment reversed and cause remanded with direction to
overrule the demurrer.*