## DEPEW et al. v. UNITED STATES.

(Circuit Court of Appeals, Third Circuit. November 20, 1918.)

### No. 2386.

Post Office ⚽50—Use of Mails to Defraud—Elements of Offense.

On trial of defendants, charged under Criminal Code, § 215 (Comp. St. 1916, § 10385), with using the mails to defraud, an instruction approved that an intention to use the mails when the scheme was formed was not essential, if they were in fact used in its execution.

In Error to the District Court of the United States for the Western District of Pennsylvania; W. H. Seward Thomson, Judge.

Criminal prosecution by the United States against Thomas H. Depew and others. Judgment of conviction, and defendants bring error. Affirmed.

R. W. Archbald, of Scranton, Pa., and A. E. Anderson, of Pittsburgh, Pa., for plaintiffs in error.

B. B. McGinnis, of Pittsburgh, Pa., for the United States.

Before BUFFINGTON, McPHERSON, and WOOLLEY, Circuit Judges.

PER CURIAM. In the court below the defendants were found not guilty on counts 1, 2, and 5, and guilty on counts 3 and 4, of an indictment. The first four counts charged a scheme to defraud and the use of the mails in execution thereof, and the fifth count charged a conspiracy to commit the offenses charged in the four counts. Judgment having been entered and sentence imposed, the defendants sued out this writ.

The evidence, which covered several days in its production, is not before us, but from the charge of the judge, which is before us, and to the accuracy of whose statement of facts no question is raised, it is clear there was evidence of the existence of a scheme or artifice to defraud sufficient to carry the case to the jury. No charge is made that any testimony on behalf of the government was wrongfully admitted, and the charge itself, the opinion of the court, and the absence of anything indicating injustice, satisfy us that the defendants had a full and fair opportunity of presenting their side of the case to the jury.

The error urged on the present writ relates to the defendants' points, viz. the refusal of the fifth point, and the answer to the seventh. We find no error in that regard. The court in its charge, as to the proof of facts, instructed the jury that the government must establish:

---

"First, that the person charged devised a scheme or artifice to defraud; and, second, that in carrying out such scheme such person either deposited a letter or package in the post office, or took one therefrom."

As to the law applicable the court said:

"Under section 5480 of the Revised Statutes of the United States, it was then necessary to charge, not only that a scheme to defraud was devised, but that it was intended to be effected by the use of the mails. That was the former statute. But under section 215 of the Criminal Code [Act March 4, 1909, c. 321, 35 Stat. 1130 (Comp. St. 1916, § 10385)], it is only necessary to charge and prove that the scheme or artifice to defraud was devised or intended to be devised, and that the mails were actually used in executing or attempting to execute the scheme."

In our judgment, what the court thus said in reference to the facts shows that the court did hold that the use of the mails must be proved as laid, and therefore its refusal of defendants' fifth point cannot be regarded as any denial of the contention made in the point, viz. that "the use of the mails is thus made an essential part of the scheme and must be proved as laid," for that is what the court had already charged; but the denial of the point went to the refusal to give binding instructions to acquit on the ground the proof "has not been done, and there can therefore be no conviction in the case." Taking the charge, the point, and its answer as a connected whole, it is clear to us that the court's refusal of this point was in reality but the refusal to give binding instructions for the defendants, and as such involved no error.

It is further contended the court erred in its answer to defendants' seventh point, which point and answer were:

"Seventh. The various means which it is charged in the indictment were to be employed by the defendants in carrying out the scheme to defraud are essential parts of the scheme, and must be proved as laid in the indictment."

Answer of Court: "The scheme to defraud and the means used to carry it into execution are distinct, although the latter may be evidence of the existence of the former. The indictment alleges that the scheme was to be effected by means of the Post Office establishment of the United States, but it is not necessary, under section 215 of the Penal Code, that when the scheme was formed the parties intended to execute it by the use of the mails."

We are unable to see any harmful effect the point and answer had in the case. The court, in the extracts of the charge already made, had already charged that the government must show that the persons charged devised the scheme or artifice described, and the answer to the point in no way lessened this requirement of proof in the charge. The substance of the answer was that:

"It is not necessary, under section 215 of the Penal Code, that when the scheme was formed the parties intended to execute it by the use of the mails."

This, as we have seen, was what the court had already instructed the jury was the law. Therein we find no error, as we read the two acts of Congress and the decision of the Supreme Court in U. S. v. Young, 232 U. S. 155, 34 Sup. Ct. 303, 58 L. Ed. 548.

We are of opinion the court below was right in the construction given by it in the charge and in the answer to this point. The remaining

assignments of error, bearing on the refusal of the court to arrest judgment, disclose no error. The reasons warranting a denial of those several requests were, in our judgment, rightly set forth in the opinion of the trial judge.

Finding no error in the record, and satisfied the defendants had a fair trial, we affirm the judgment of sentence entered in the court below.