## SNELL v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. October 28, 1924.)

No. 4377.

**1. Post office ⬅48(4)—Each count of indictment held to sufficiently charge scheme or artifice to defraud through use of mails.**

Each count of an indictment *held* to sufficiently charge use of mails to execute scheme or artifice to defraud would-be buyers of options on French francs.

**2. Witnesses ⬤⟹236(1)—Question held not to call for hearsay testimony.**

Question, "What about this transaction with a man by the name of C. down here? tell us about that," was not objectionable as calling for hearsay testimony.

**3. Criminal law ⬤⟹814(1)—Court held not to have erred in refusing requested charge inapplicable to count.**

In prosecution for use of mails to execute scheme or artifice to defraud, court did not err in refusing to charge that, if jury had reasonable doubt as to whether certain defendant unlawfully converted certain sum paid by certain person to his own use, he could not be convicted under first count, where first count did not allege that he converted such sum paid by such person.

In Error to the District Court of the United States for the Northern District of Alabama; William I. Grubb, Judge.

William H. Snell was convicted of using mails to execute scheme or artifice to defraud, and brings error. Affirmed.

Erle Pettus, of Birmingham, Ala., for plaintiff in error.

C. B. Kennamer, U. S. Atty., of Guntersville, Ala., and Jim C. Smith, Asst. U. S. Atty., of Birmingham, Ala.

Before WALKER and BRYAN, Circuit Judges, and ESTES, District Judge.

WALKER, Circuit Judge. [1] The plaintiff in error was convicted under counts 1, 2, and 3 of the indictment. Each of those counts charged the use of the mails for the purpose of executing a scheme or artifice to defraud, alleged to have been entered into by the plaintiff in error and two other named persons. The first count charged the devising by the accused of a scheme for obtaining money from a named person and the public generally by means of false and fraudulent representations, pretenses, and promises; the allegations as to such scheme being to the following effect:

That the accused would pretend and represent that they were engaged in the business of selling options on French francs, that they were in a position to sell such options, that they would represent and pretend to would-be purchasers of such options that large profits could and were to be made by purchasing and investing in options on French francs sold by the accused, and that money placed in their custody by would-be purchasers of such options would be used by them in purchasing such options, when the accused were not then and there engaged in the business of buying options on French francs, and were not in a position to make for persons from whom they would secure money large profits on options for French francs, the accused, at the time of the making of such representations, promises, and pretenses, and of the receipt of money from would-be purchasers of such options, well knowing that they, the accused, would not invest in options on French francs the money received by them for that purpose, but would convert said money to their own use, gain, and benefit.

The second and third counts contained similar allegations describing a scheme by the accused to obtain money for their own use, by falsely pretending and representing that such money would be used in buying for the furnishers of it options on French francs. Demurrers to each of the counts were overruled. We are not of opinion that any one of the counts mentioned was subject to demurrer on the ground that it insufficiently alleged or described a scheme or artifice to defraud. The particulars or elements of the scheme were sufficiently alleged in each of the counts in question. United States v. Young, 232 U. S. 155, 34 S. Ct. 303, 58 L. Ed. 548.

[2] The following question was propounded to a witness for the government: "What about this transaction with a man by the name of Cleveland down here? Tell us about that." Counsel for the defendant objected to the question on the ground it called for hearsay. An exception was reserved to the action of the court in overruling that objection. The question was not subject to objection on the ground stated, as the question did not call for hearsay testimony.

Sundry rulings of the court on objections to evidence are assigned as errors. Of those rulings it is enough to say that none of them involved reversible error.

There was evidence supporting the charges made in each of the counts in question. It follows that the court did not err in refusing to give requested instructions forbidding a conviction on each of those counts.

[3] The court did not err in refusing to give the following requested charge:

"If you have a reasonable doubt as to whether or not this defendant Snell unlawfully converted to his own use $275, alleged to have been paid by Henry Sudduth to the United Foreign Exchange Company, you cannot convict this defendant under the first count of the indictment."

The first count did not allege that the defendant Snell converted to his own use $275 paid by Henry Sudduth, and did not allege that Henry Sudduth paid that sum to the United Foreign Exchange Company.

The judgment is affirmed.