## POPHAM v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit.
March 17, 1926. Rehearing Denied
April 2, 1926.)

No. 4698.

1. **Indictment and information ⊂⊃125(5½)—Indictment charging use of mails in scheme to defraud by sale of lands held not duplicitious because it alleged scheme was to be consummated by means of several false representations therein set out (Criminal Code, § 215 [Comp. St. § 10385]).**

Indictment under Criminal Code, § 215 (Comp. St. § 10385), charging use of mails in scheme to defraud by false representations in sale of lands, was not duplicitious because it alleged that scheme was to be consummated by means of several false and fraudulent representations therein set out.

2. **Criminal law ⊂⊃1167(2)—Where sentence imposed did not exceed that which could have been imposed under sufficient count, sufficiency of other counts need not be reviewed.**

Where sentence imposed did not exceed that which could have been imposed under count to which demurrer was properly overruled, sufficiency of other counts need not be reviewed by Circuit Court of Appeals.

3. **Post office ⊂⊃49—Admission of evidence of false representations inducing purchase of lands suitable for oyster propagation on behalf of corporation and associations with which accused was not shown to be connected, held not error, where evidence tended to show he was party to such representations (Criminal Code, § 215 [Comp. St. § 10385]).**

In prosecution under Criminal Code, § 215 (Comp. St. § 10385), for use of mails in scheme to defraud by false representations to induce purchase of lands suitable for oyster propagation, admission of evidence as to representations on behalf of associations or corporations with which defendant was not shown to be connected *held* not error, where evidence tended to show he was party to such representations.

4. **Post office ⊂⊃49—In prosecution for using mails to defraud by several false representations in sale of lands for oyster propagation, proof of falsity of sufficient representations to prove scheme was sufficient (Criminal Code, § 215 [Comp. St. § 10385]).**

In prosecution under Criminal Code, § 215 (Comp. St. § 10385), for using mails in scheme to defraud by false representations in sale of lands for oyster propagation, it was sufficient if enough representations to prove scheme were shown to be false, as against contention that there was variance between indictment and proof that one of representations was false.

5. **Criminal law ⊂⊃1168(2)—Accused held not harmed where, on his objection, statement made by him at fraud order hearing was withdrawn without having been filed or read in evidence (Criminal Code, § 215 [Comp. St. § 10385]).**

In prosecution under Criminal Code, § 215 (Comp. St. § 10385), for using mails· in scheme to defraud by sale of lands for oyster propagation, where, on accused's objection, statement made by him at fraud order hearing was withdrawn without having been filed or read in evidence, *held*, that accused was not harmed.

6. **Criminal ·law ⊂⊃1043(2)—Error cannot be assigned to court's charges, where no exception was taken to any. particular charge, and several of them were correct (Rules of Circuit Court of Appeals, Fifth Circuit, rule 10).**

Under Rules of Circuit Court of Appeals, Fifth Circuit, rule 10, error cannot be assigned to charges of court, where no exception was taken to any particular charge, and several of them were correct.

In Error to the District Court of the United States for the Northern District of Florida; William I. Grubb, Judge.

William Lee Popham was convicted of using the mails in a scheme to defraud by false representations to sell lands for oyster propagation, and he brings error. Affirmed.

Philip D. Beall and John M. Coe, both of Pensacola, Fla., and Wm. C. Hodges and Fred H. Davis, both of Tallahassee, Fla., for plaintiff in error.

Arthur E. Sager, Sp. Asst. Atty. Gen., and Fred Cubberly, U. S. Atty., and George Earl Hoffman, Asst. U. S. Atty., both of Pensacola, Fla., for the United States.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge. This is a writ of error to reverse a judgment of conviction upon the first and several other counts of an indictment charging that the defendant, William Lee Popham, having devised a scheme for obtaining money by means of false and fraudulent representations, for the purpose of executing such scheme placed a letter

therein sufficiently described in a post office, to be sent and delivered by the post office establishment of the United States, in violation of section 215 of the Criminal Code (Comp. St. § 10385). The representations charged to be false consisted of statements to the effect that defendant owned lands, especially submerged lands, which were suitable for the propagation and cultivation of oysters, near Apalachicola, Fla., from which purchasers would realize exceedingly large returns upon their investments. These representations, some 24 in number, were alleged in the first count of the indictment and adopted by reference in the other counts.

[1, 2] The overruling of the demurrer to the indictment on the ground that it was duplicitous forms the basis of the first assignment of error. In United States v. Young, 34 S. Ct. 303, 232 U. S. 155, 58 L. Ed. 548, it is said: "The elements of an offense under section 215 are (a) a scheme devised or intended to be devised to defraud, or for obtaining money or property by means of false pretenses; and (b) for the purpose of executing such scheme, or attempting to do so, the placing of any letter in any post office of the United States to be sent or delivered by the post office establishment." Only one scheme is here charged, and it is not an objection that it was to be consummated by means of several representations. We therefore are of opinion that the demurrer to the first count of the indictment was properly overruled. The other counts need not be considered, as the sentence was less than could have been imposed under the first count. Abrams v. United States, 40 S. Ct. 17, 250 U. S. 616, 63 L. Ed. 1173.

[3] It is contended, also, that the court erred in admitting evidence that certain representations were made on behalf of some of the associations or corporations with which defendant was not shown to have been connected so as to make him responsible. However, the evidence introduced by the government tends strongly to show that defendant was a party to the representations.

[4] A variance is claimed between the indictment and proof that one of the representations was false. It was sufficient if enough of the representations to prove the scheme were shown to be false or fraudulent. United States v. Smith (D. C.) 222 F. 165.

[5] The government offered in evidence a statement made by defendant at a fraud order hearing before the Post Office Department at Washington. Defendant objected to certain portions of that statement, and it was not filed or read in evidence, but was

withdrawn. We are unable to see that he has any ground of complaint.

[6] Error is assigned upon charges of the court. There was no exception taken to any particular charge, and a number of them were manifestly correct. Under rule 10 of this court, this assignment must fail.

The judgment is affirmed.