### UNITED STATES v. GRAHAM et al.

District Court, S. D. New York.
May 8, 1934.

Martin Conboy, U. S. Atty., of New York City (John W. Burke, Jr., Asst. U. S. Atty., of counsel), for the United States.

Goldwater & Flynn, of New York City, for defendants Graham and McKay.

MOSCOWITZ, District Judge.

The defendants were indicted in three separate indictments charging them with violations of title 18 USCA § 338 (Criminal Code, § 215). Demurrers and motions to quash have been filed against each indictment.

The elements of an offense under section 215 are (a) a scheme devised, or intended to be devised, to defraud, or for obtaining money or property by means of false pretenses, (b) for the purpose of executing such a scheme or attempting to do so, the placing of any letter in any post office of the United States to be sent or delivered by the post office establishment, or knowingly cause a letter to be delivered by mail according to directions thereon. United States v. Young, 232 U. S. 155, 161, 34 S. Ct. 303, 58 L. Ed. 548.

It appears from an examination that the indictments clearly state a scheme and artifice to defraud, the details of that scheme, and the use of the mails in furtherance of such scheme.

The contention that the indictments fail to negative the truth of the representations, which were a part of the scheme to defraud, are amply covered by statements in the indictment to the effect that, "whereas in truth and in fact each and every one of the aforesaid representations, pretenses and promises the defendants and each of them well knew were and would be false and fraudulent and the defendants intended them and each of them to be false and fraudulent." Such language is clear and concise, and clearly negatives the verity of the representations and the unsoundness of the business enterprise into which the defendants enticed their victims. Worthington v. United States (C. C. A.) 64 F.(2d) 936, 938.

The indictment in this case charges the defendants with unlawfully, willfully, and knowingly causing to be delivered, according to the directions thereon by registered mail, a certain letter dated November 29, 1930, ad-

dressed to the Guaranty Company of New York.

The crime in the instant case, if any, is a scheme to defraud by causing a certain letter to be delivered within the jurisdiction of this court. In such an indictment it need not allege that the letter was placed, or caused to be placed, in the mail for the purpose of executing a scheme to defraud. Smith et al. v. United States (C. C. A.) 61 F.(2d) 681, 683; Burton v. United States, 202 U. S. 344, 26 S. Ct. 688, 50 L. Ed. 1057, 6 Ann. Cas. 362; Mark Yick Hee et al. v. United States (C. C. A.) 223 F. 732.

The demurrers . to the indictments are overruled, and the motion to quash denied.

Settle order on notice.