**UNITED STATES v. LOWE.**

**No. 7226.**

Circuit Court of Appeals, Seventh Circuit.

Oct. 29, 1940.

Writ of Certiorari Denied Jan. 6, 1941.

See 61 S.Ct. 441, 85 L.Ed. ——.

L. H. Bancroft and Lorin L. Kay, both of Richland Center, Wis., and M. N. Daffinrud, of Viroqua, Wis., for appellant.

John J. Boyle, U. S. Atty., and Alvin M. Loverud, Asst. U. S. Atty., both of Madison, Wis., for appellee.

Before SPARKS and TREANOR, Circuit Judges, and BRIGGLE, District Judge.

TREANOR, Circuit Judge.

Defendant was prosecuted upon an indictment consisting of three counts and was found guilty under each count of violating Sec. 338, Title 18 U.S.C.A. The District Court entered judgment of conviction and sentence and from such judgment the defendant appeals.

Each count of the indictment purports to charge the defendant with the offense of using the United States mails for the purpose of executing a "scheme or artifice to defraud."[1]

---

[1] Sec. 338, Title 18 U.S.C.A.: "Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, * * * shall, for the purpose of executing such scheme or artifice or attempting so to do, place, or cause to be placed, any letter, postal card, package, writing, circular,

For reversal the defendant relies upon the alleged error of the trial court in denying his several motions that the indictment be dismissed. Defendant contends that the indictment fails to state a crime against the laws of the United States; that each count of the indictment is fatally defective because the schemes and artifices therein alleged are not fraudulent at common law or by statute; and further, that even if each count effectively states a fraudulent scheme or artifice, such scheme or artifice did not contemplate nor require the use of the mails; and that the use of the mails described in the several counts had no connection with the scheme and was not for the purpose of executing it.

The first count of the indictment charges, in substance, the following: Fred O. Lowe, the defendant, alias F. O. Lowe, devised a scheme and artifice to defraud the Chaseburg State Bank of Vernon County, Wisconsin, and the Prairie City Bank of Prairie du Chien, Crawford County, Wisconsin. The scheme involved the defendant's having and maintaining in the Chaseburg State Bank a checking account to the credit of Fred O. Lowe and of keeping and maintaining a checking account to the credit of, and in the name of, V. M. Lowe with the Prairie City Bank. The defendant would cause a check to be drawn upon the checking account carried in the name of V. M. Lowe in the Prairie City Bank when he knew that there were insufficient funds in the V. M. Lowe checking account to meet and pay the check and would deposit the check to the account of Fred O. Lowe in the Chaseburg State Bank. On the 26th day of May, 1936, the defendant, Fred O. Lowe, drew, or caused to be drawn to his order, a check in the amount of $4,000, which check was dated the 26th day of May, 1936, and drawn against the account of V. M. Lowe at the Prairie City Bank. At that time there was insufficient credit in the V. M. Lowe account to meet the check and other checks theretofore outstanding and drawn upon the account; and Fred O. Lowe knowing at the time that there were insufficient funds to meet and pay the check for $4,000 deposited the check at the Chaseburg State Bank to the credit of the checking account of the defendant, Fred O. Lowe. The count further alleges that

Fred O. Lowe, for the purpose of executing his scheme, caused a letter to be placed in the post office at Chaseburg, Wisconsin, addressed to the First Wisconsin National Bank of Milwaukee, Wisconsin; that the letter was to be sent and delivered by the post office establishment of the United States to the First Wisconsin National Bank and that the letter contained the worthless check above described which had been inclosed in the letter and posted and mailed for the purpose of collection in the regular course of business.

The foregoing discloses a scheme or artifice to defraud the State Bank of Chaseburg by obtaining $4,000 credit for the checking account of the defendant, the $4,000 credit being obtained by depositing with the Chaseburg State Bank a check drawn against an account in the Prairie State Bank which the defendant knew was not sufficient to meet the $4,000 check. The presentation of the check by the defendant amounted to a false representation that it was drawn by one V. M. Lowe against his checking account in the Prairie City Bank and that the check represented credit of a V. M. Lowe independently of any liability thereon of Fred O. Lowe to whose order it had been drawn.

■ Since the Chaseburg Bank gave the defendant $4,000 credit in his checking account as a result of the false representation of the defendant, it is not material whether the defendant actually wrote checks against this credit and thereby completely consummated the fraud against the bank. Defendant does not question that in a criminal prosecution for the use of the mails to defraud it is not necessary to allege that the scheme was successful, or that loss was incurred in fact as a result of its operation. Defendant, however, urges that the scheme or artifice "must have been calculated in fact to result in obtaining something of value from someone, improperly, by reason of a fraudulent artifice." The facts which are alleged in count one, in our opinion, clearly disclose that the defendant's scheme "must have been calculated in fact to result in obtaining something of value * * *, improperly, by reason of a fraudulent artifice." It was intended to obtain checking account credit

pamphlet, or advertisement, * * * in any post office, or station thereof, or street or other letter box of the United States, or authorized depository for mail matter, to be sent or delivered by the post office establishment of the United States, * * *."

from the Chaseburg Bank and such credit is a thing of value.

Defendant oversimplifies the averments of count one by insisting that the scheme in question amounts to no more than that the defendant "having received a check of another, drawn upon one bank, * * * deposited it for collection in his own bank." But the averments of the count declare that the defendant devised a scheme and artifice to defraud the Chaseburg and Prairie City Banks; and that such scheme involved the maintenance of a checking account in each of the two banks, the account in the Prairie City Bank being in the name of V. M. Lowe and the one in the Chaseburg State Bank being in the true name of the defendant, Fred O. Lowe; and the averments further state that in carrying out the scheme Fred O. Lowe, the defendant, would cause a check to be drawn upon the checking account carried in the name of V. M. Lowe in the Prairie City Bank, when the defendant knew that there were insufficient funds in the drawee bank to meet and pay such check and that the defendant would then deposit the check "to the credit of the checking account of said Fred O. Lowe" in the Chaseburg State Bank. The facts alleged in count one do not disclose the ordinary case of a depositor-drawer who draws a check against his checking account with knowledge that his credit is not sufficient to cover the amount of the check.

■■ We are of the opinion that count one describes the scheme or artifice to defraud with sufficient particularity. The following statement of this Court in Worthington v. United States [2] succinctly states the requirements of an indictment in this respect: "We can not say that the scheme to defraud set forth fails to inform the appellant with sufficient clarity to permit him to meet the proof of fraud and fraudulent intent which such charge necessitated. The scheme to defraud is, of course, an essential element of the offense charged. The gist of the offense, however, is the use of the mails, and it is therefore only essential to charge the scheme with such particularity as will enable the accused to know what he may be expected to meet on the trial. The details of such scheme need not be set forth with that particularity which would be required if it, rather than the use of the mails, were the gist of the offense."

Defendant correctly insists that an indictment under the statute in question in addition to averring the scheme or artifice to defraud, must show a use of the United States mails for the purpose of executing the scheme or artifice, and defendant insists that in the instant case the use of the mails was not for the purpose of executing the alleged scheme and could not have been used for such purpose. Defendant more particularly contends that any scheme to perpetrate a fraud upon the Chaseburg Bank was terminated at the moment that the defendant deposited the check to his credit in his checking account in the Chaseburg Bank.

It is true that the defendant obtained the $4,000 credit in his checking account when the check was accepted by the Chaseburg Bank for deposit in the checking account of defendant. But the scheme of defendant, as revealed by the allegations of the indictment, was in substance a check kiting arrangement which could be successful, even temporarily, only because of the practice of the depositing bank of forwarding the check through its correspondent bank for collection from the account of the drawer in the drawee bank. The defendant included in his scheme the use of a banking practice which necessarily required the forwarding of the deposited check for collection, a practice which would enable the defendant to utilize, at least temporarily, the credit given him by the Chaseburg Bank; and the utilization of this practice was as much a part of the scheme to obtain credit as the drawing and presenting of the worthless check.

Defendant cites, and strongly relies upon, the decision of the Tenth Circuit Court of Appeals in the case of Dyhre v. Hydspeth.[3] In that case the fraudulent act consisted in purchasing merchandise from local merchants and offering in payment therefor checks made payable to the vendor and drawn upon banks in which the defendant had no checking account. The Circuit Court of Appeals was of the opinion that the charge clearly showed that the United States mails could not have been used for the purpose of executing or attempting to execute the fraudulent scheme because the mailing did not take place until after the defendant had induced the merchants to accept his fraudulent checks for merchandise; and that the defendant "had thus accomplished all he set out to do in falsely

---

[2] 7 Cir., 64 F.2d 936, 938.　　[3] 106 F.2d 286, 288.

representing that he had money on deposit in the banks."

 There is considerable similarity in the facts of the Dyhre case and the instant case, but in the instant case the utilization of the two checking accounts by the defendant for the purpose of obtaining checking account credit necessarily involved the use of the mails by the depositing bank. The adoption of such scheme by the defendant supplied the factual basis for the allegation that the defendant caused the letter containing the deposited check to be placed in the mails. But under the facts of the Dyhre case there is at least considerable doubt whether it can be said that there is a factual basis for an allegation that the defendant caused a letter to be placed in the mails for the purpose of executing his fraud. Under the allegations the defendant carried on no transactions with any bank, but dealt only with the merchants from whom he obtained property in exchange for the worthless checks. The merchants deposited the checks and thus performed the first act which was directly related to the depositing bank's act of forwarding the check for collection. But under the facts alleged in the first count of the indictment in question the granting of the $4,000 credit for the checking account of defendant was inseparably tied up with the banking practice of forwarding the deposited check for collection. Defendant was assured of the use of his checking credit at least until the depositing bank was informed by the drawee bank that the check would not be paid. Whether the defendant intended to use this period of time for the purpose of exhausting his credit in the Chaseburg Bank, and, thereby, getting the full benefit of the amount of the fraudulent check, or whether he intended to use the period of time for the purpose of creating sufficient credit in the drawee bank to take care of the amount of the check, is not material. In either case the forwarding of the check for collection was one of the means of executing his scheme to obtain checking account credit in the Chaseburg Bank.

The schemes to defraud which are set out in counts two and three are basically the same as the scheme of count one. It is alleged in the second count that the defendant obtained from the Prairie City Bank certain bank money orders payable to the order of the defendant, without consideration and without authority, and deposited the same to the credit of the defendant's checking account in the Chaseburg State Bank; it is further alleged that defendant caused a letter to be placed in the post office at Chaseburg to be sent and delivered by the post office establishment to the First Wisconsin National Bank at Milwaukee, Wisconsin, for the purpose of collection of the bank money orders. It is alleged in the third count that the defendant delivered to the Prairie City Bank various checks which the defendant knew to be worthless, the checks being drawn on banks other than the Prairie City Bank; that the defendant received in return therefor cash in the amount of $600, credit to the account of V. M. Lowe in the amount of $4,000, and bank money orders drawn upon the Prairie City Bank payable to the order of Fred O. Lowe and V. M. Lowe; and the count contains the additional allegation that the defendant caused a letter which contained the checks to be placed in the mails for the purpose of collection in the ordinary course of business.

We conclude that each of the three counts of the indictment sufficiently alleges a fraudulent scheme and the use of the United States mails for the purpose of executing such scheme. We hold that the trial court did not err in denying defendant's several motions that the indictment be dismissed.

The judgment of the District Court is affirmed.