**William ESTEP, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 15048.**

United States Court of Appeals
Fifth Circuit.

June 8, 1955.

Rehearing Denied July 15, 1955.

Howard Dailey, Lester L. May, Maury Hughes, Dallas, Tex., for appellant.

Heard L. Floore, U. S. Atty., Ft. Worth, Tex., Wm. H. Timbers, Gen. Counsel, U. S. Sec. and Exch. Comm., Washington, D. C., for appellee.

Before HUTCHESON, Chief Judge, and TUTTLE and JONES, Circuit Judges.

HUTCHESON, Chief Judge.

Tried and convicted on nine counts of a ten count indictment, charging in four of them violations of the Mail Fraud Statute, 18 U.S.C., § 1341, and, in five, of the Securities Act, as amended, 15 U.S.C.A. §§ 77e(a) (1) and (2) and 77q (a), and sentenced to imprisonment for five years and to pay a fine of $2000, defendant has appealed.

Putting forward four specifications of error,[1] appellant is here insisting that the judgment of conviction may not stand. For the reasons hereafter set forth as to each, we are of the clear opinion that none of the specifications are meritorious and that the judgment must be affirmed.

While the record is lengthy, not because of the multitude of issues but because of the number of witnesses offered in support of them, the case, in its essence, is quite a simple one. The scheme to defraud, alleged in the indictment and testified to at the trial by witnesses for the government, related to the sale of the capital stock of Atomotor Manufacturing Company, Inc., which was represented as being about to market a fuelless, self energizing motor. A number of representations, alleged to have been made to induce persons to purchase stock subscriptions, were testified to by a number of witnesses who had purchased the stock, and there was abundant evidence to take to the jury the question of whether the representations were false and whether the scheme was one to defraud.

---

1. These are: (1) The use of the corporation books in evidence over defendant's objection, that they were seized by the government, and being used, in violation of the Fourth and Fifth Amendments to the Constitution; (2) The denial of defendant's motion for acquittal; (3) The denial of appellant's motion to remand the cause to the trial court to perfect the record; and (4) The giving at the request of the government of special charges 3 and 4.

Among the matters testified to were: that qualified engineers had told defendant that the motor could not possibly work; that a patent attorney, whom he had consulted about the patentability of the claim for the motor, had told him that the claim for it was in effect a claim of perpetual motion, and that no patent could be obtained thereon; that defendant had oversold the authorized capital stock of the corporation; and that he had used for his own personal use some of the money obtained from the sale of stock, though he had stated that all of the money from the sale of the stock would be used to finance the motor. It was also proved that appellant had used the mails as alleged in the indictment.

The defendant did not testify, nor did he offer any evidence in rebuttal of testimony, that he had been told that the motor could not possibly work and that it was unpatentable, that it was in effect a scheme for perpetual motion, which schemes everyone knew were impossible. There was further evidence, not disputed by any testimony offered by him, that his claims to knowledge of, or expertness in, the field of atomic energy were completely without foundation.

█ When appellant's claims of error are considered against this background and the controlling rule of law, that where a sentence on many counts does not exceed the sentence which could be properly imposed on one of them as to which there was no error, the sentence will not be disturbed, even though there might be error in connection with one or more counts, it is plain that the attack upon the judgment is insubstantial.

█ It is quite clear that the first ground of error, of the use in evidence of the books of the corporation, is without substance. The books and records were not the property of defendant, nor were they kept by him or in his possession. Further, no search or seizure was involved in obtaining them. On the contrary, they were voluntarily delivered to the government by the person then in possession of them. Wilson v. United States, 221 U.S. 361, 31 S.Ct. 538, 55 L.Ed. 771; Burdeau v. McDowell, 256 U.S. 465, 41 S.Ct. 574, 65 L.Ed. 1048. Cf. Fleming v. Montgomery Ward & Co., 7 Cir., 114 F.2d 384, cited by appellant.

█ Under his second ground of error, the denial of his motion for acquittal, defendant does not, indeed could not, claim that there was no testimony sufficient to take to the jury whether or not he had devised a scheme to defraud. The grounds of the motion were: that the evidence fails to show the use of the mails in furtherance of the alleged scheme to defraud charged in the mail fraud counts; and that, as to counts 6 to 10, charging violation of the Securities and Exchange Commission Act, the evidence shows that all of the securities were sold in Texas, and none outside thereof.

The short and simple answer to these claims as to the mail fraud counts is that they are wholly without foundation in law and in fact, for, as we have shown above, the record contains ample evidence to support a verdict finding that there was a scheme to defraud, and that the indictment letters were mailed in connection with the furtherance of the plan to promote the enterprise by selling stock in it.

As to the charges under the Securities Act, there is uncontradicted evidence that sales were made to at least one or more persons residing outside of the state. Besides, under 15 U.S.C.A. § 77e(a) (1) and (2), the use of the mails in connection with the sale of a non-registered security is in violation of law, and there is no claim that the security was registered.

Finally, if it be conceded that the motion to instruct was good as to counts 6 to 10, as pointed out above this would not require a reversal of the judgment because the sentence imposed was no more than could have been imposed on any one of the mail fraud counts.

█ Appellant's third specification of error, that the court should have remanded the cause to permit the record to be perfected as to the lost exhibits, is

trivial. While this court did deny the remand, it was because the parties had agreed to, and did, cooperate to supply the omissions, which was done by copying the pertinent parts of some of the exhibits from the transcript and by stipulating as to the balance from copies of the exhibits in the possession of the parties or verbatim transcript from the record as to them. Thus every omission was supplied and a record made thereof under a stipulation that this court should accept the record in lieu of an exact copy of all the exhibits introduced at the trial, the parties stipulating that the exhibits introduced were substantially as set out in the supplemental record they had agreed to.

▇▇▇▇ Specification of error No. 4 having to do with the government's requested charges Nos. 3 and 4, is patently without substance. Rule 30 of the Federal Rules of Criminal Procedure, 18 U.S.C.A., provides in part as follows:

"No party may assign as error any portion of the charge or omission therefrom unless he objects thereto before the jury retires to consider its verdict, *stating distinctly the matter to which he objects and the grounds of his objection.*" (Emphasis supplied.)

Under that rule, in order to put the trial court in error, it is necessary that the defendant precisely state the ground of his objection and that the ground stated point out an error prejudicial to the defendant. Cf. Popham v. United States, 5 Cir., 11 F.2d 966. The defendant did not do this here. While he did make a specific objection, the objection he made was to matter in the charge which was burdensome on and prejudicial to the government instead of to him.

This is the record. After the court had concluded his charge, defendant's counsel, asked if he had any objections, replied in substance that to the court's main charge connected with the defendant's special charge, he had no exceptions, he thought it was highly satisfac-

tory, but he did except to the government's requested charges Nos. 3 and 4.

The portion of charge No. 3, which was a long one, objected to was contained in the last paragraph, charging in substance that it was not essential that the government prove that all of the investors in the Atomotor Company were defrauded, "if any you so find, but it is sufficient if you so find that one or more of such investors were defrauded". The only objection made to it was, "We say it is immaterial whether anybody is defrauded or not, and that charge has no application here. It is ambiguous, calculated to mislead the jury, and it is not the law governing the case."

As the government points out in its brief, this objection did not point to any burden imposed upon or prejudice done to the defendant. It points out on the contrary that the charge placed a greater burden on the government than was actually required, since it is not necessary that the government prove that anyone was actually defrauded in order to show a violation of the statutes under which defendant was indicted. Butler v. U. S., 10 Cir., 53 F.2d 800.

▇▇▇▇ As to the government's special charge No. 4, while on the record an objection was made to its giving, that it was misleading and calculated to mislead the jury, it is not pointed out wherein it did do so, and when it comes to the brief in the case, defendant does not point to any error in charge No. 4. He simply sets the charge out and does not at all document his claim that it was erroneous. Indeed, he could not, for the charge correctly and with precision states the law.

As to charge No. 3, it does impose a heavier burden on the government than it should bear. In doing so, it does not, and defendant does not and cannot claim that it does, impose on defendant any burden or obligation or in any way increase or affect the difficulties attending his defense. The cases cited by the appellant to the effect that if a charge is erroneous, the Court of Appeals is not at liberty to assume that it did not in-

juriously affect appellant, have no application here because the instruction complained of here could not under any possible view be assigned by appellant as erroneous.

It is true that on the last page of his brief, appellant undertakes to claim that the charge had or might have had the effect of leading the jury to believe that they must convict the defendant if one or more persons had been defrauded, even though the defendant had no intent to defraud. This, however, cannot avail him, first because he made no such point in the court below, and, further, the objection is not sound, because nothing in charge No. 3 or in the charge as a whole could lead to such a result.

█ Upon the question of fraudulent intent of the accused, which it was certainly essential for the government to prove, the court gave a full charge which the defendant endorsed and approved in all particulars, and nothing in the charge now complained of in any manner took away from or in any manner modified these instructions.

No error appearing, the judgment is Affirmed.