John **DOLACK**, Petitioner,

v.

**UNITED STATES of America,**
**Respondent.**

Civ. No. 2134.

United States District Court
D. Hawaii.

Dec. 16, 1965.

See also D.C., 217 F.Supp. 617.

John Dolack, pro se.
No attorney for respondent.

TAVARES, District Judge.

In 1962 John Dolack plead guilty to a charge of violating 18 U.S.C. § 1341 (mail fraud). Now he petitions this Court, seeking to collaterally attack that conviction, on the theory that his fraudulent scheme had reached fruition before the use of the mails occurred.

Petitioner requests permission to proceed in forma pauperis, which request is granted, and he requests that counsel be appointed for him, which request is denied. The facts are not in

dispute; the issues are simple, and therefore no need for counsel appears.

 Petitioner's modus operandi was to obtain food and lodging from various hotels, and to escape payment therefor by turning over to his victims checks drawn on a closed account in an out-of-state bank. He contends that:

> "When I had received the services of the hotel and paid them by check, I had received the fruits of this scheme and the scheme came to a close. Whatever manner they chose to transport the check was immaterial to the scheme as it had reached fruition."

Petitioner cites *Parr v. United States,* 363 U.S. 370, 80 S.Ct. 1171, 4 L.Ed.2d 1277, *Pereira v. United States,* 347 U.S. 1, 74 S.Ct. 358, 98 L.Ed. 435, and *Kann v. United States,* 323 U.S. 88, 65 S.Ct. 148, 89 L.Ed. 88. His reliance on the *Pereira* case is misplaced, because the holding in that case is squarely against petitioner's position here. The Supreme Court there held (347 U.S. pages 8–9, 74 S.Ct. pages 362, 363):

> "It is not necessary that the scheme contemplate the use of the mails as an essential element. *United States v. Young,* 232 U.S. 155, 34 S.Ct. 303, 58 L.Ed. 548. * * * Where one does an act with knowledge that the use of the mails will follow in the ordinary course of business, or where such use can reasonably be foreseen, even though not actually intended, then he 'causes' the mails to be used. *United States v. Kenofskey,* 243 U.S. 440, 37 S.Ct. 438, 61 L.Ed. 836."

Both the *Parr* and the *Kann* cases are factually distinguishable from the case at bar and both have been materially qualified by the later case of *United States v. Sampson,* 371 U.S. 75, 80, 83 S.Ct. 173, 176, 9 L.Ed.2d 136, in which the Court said:

> "We are unable to find anything in either the *Kann* or the *Parr* cases which suggests that the Court was laying down an automatic rule that

a deliberate, planned use of the mails after the victims' money had been obtained can never be 'for the purpose of executing' the defendants' scheme."

See also *United States v. Sheridan,* 329 U.S. 379, 387–389, 67 S.Ct. 332, 91 L.Ed. 359.

In *Kann v. United States,* supra, the Court expressly distinguished " * * * cases where the use of the mails is a means of concealment so that further frauds which are part of the scheme may be perpetrated." 323 U.S. 88, 94–95, 65 S.Ct. 148, 151.

Here the petitioner passed worthless checks drawn on an out-of-state bank, with knowledge that the use of the mails would follow in the ordinary course of business; he did so in order to conceal his fraudulent intention never to pay for what he had received, and in order to evade immediate arrest. Thus he caused the mails to be used as a means of concealment and to enable him to perpetrate further frauds.

Because the contention on which it is based is without merit, the petition is hereby denied.