**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Richard Burton HENDRICKSON,**
**Defendant-Appellant.**

**No. 18003.**

United States Court of Appeals
Sixth Circuit.

May 10, 1968.

808

---

Gene I. Mesh, Cincinnati, Ohio, for appellant.

Rollie L. Woodall, Asst. U. S. Atty., Nashville, Tenn., for appellee, Gilbert S. Merritt, Jr., U. S. Atty., Nashville, Tenn., on the brief.

Before WEICK, Chief Judge, EDWARDS, Circuit Judge, and CECIL, Senior Circuit Judge.

PER CURIAM.

Appellant was convicted after jury trial before the United States District Court for the Middle District of Tennessee for mail fraud violations, 18 U.S.C. § 1341 and 18 U.S.C. § 2. His basic appellate contention is that such use of the mails as was disclosed at his trial was not an integral part of the fraudulent scheme and was not employed "for the purpose of executing" the fraud.

Here the proofs showed that on June 20, 1963, appellant and his accomplices opened a checking account in the First American National Bank of Nashville, Tennessee, with a $10 deposit. They then deposited a check in the amount of $732.17, drawn on the First National Bank of Lawrenceburg, Tennessee. They then wrote and cashed checks which completely depleted the account.

On June 25, the check for $732.17 was sent by the Nashville bank to the Lawrenceburg bank by bus. On June 26, the Lawrenceburg bank returned it dishonored (no account) by mail. By the time the dishonored check had been mailed to Nashville, appellant and his accomplices were out of the state.

Appellant does not dispute his part in the fraudulent scheme. He relies upon Kann v. United States, 323 U.S. 88, 65 S.Ct. 148, 89 L.Ed. 88 (1944), and Parr v. United States, 363 U.S. 370, 80 S.Ct. 1171, 4 L.Ed.2d 1277 (1959), for the proposition that use of the mail after completion of a fraudulent scheme does not warrant prosecution under the cited statute.

We recognize some language in these cases gives force to this argument. But we also note the language of the United States Supreme Court in a subsequent case:

"We are unable to find anything in either the *Kann* or the *Parr* case which suggests that the Court was laying down an automatic rule that a deliberate, planned use of the mails after the victims' money had been obtained can never be 'for the purpose of executing' the defendants' scheme. Rather the Court found only that under the facts in those cases the schemes had been fully executed before the mails were used. And Court of Appeals decisions rendered both before and after *Kann* have followed the view that subsequent mailings can in some circumstances

provide the basis for an indictment under the mail fraud statutes.[5]

5. "See, e. g., United States v. Lowe, 115 F.2d 596 (C.A.7th Cir. 1940), cert. denied, 311 U.S. 717, 61 S.Ct. 441, 85 L. Ed. 466 (1941); United States v. Riedel, 126 F.2d 81 (C.A.7th Cir. 1942); Clark v. United States, 93 U.S.App. D.C. 61, 208 F.2d 840, cert. denied, 346 U.S. 865, 74 S.Ct. 105, 98 L.Ed. 376 (1953)."

United States v. Sampson, 371 U.S. 75, 80, 83 S.Ct. 173, 176, 9 L.Ed.2d 136 (1962).

The three cases cited with approval sustained convictions under the mail fraud statute in factual situations which seem closer to our instant case than those of *Kann* or *Parr.* In the first of these the court said:

"The defendant included in his scheme the use of a banking practice which necessarily required the forwarding of the deposited check for collection, a practice which would enable the defendant to utilize, at least temporarily, the credit given him by the Chaseburg Bank; and the utilization of this practice was as much a part of the scheme to obtain credit as the drawing and presenting of the worthless check." United States v. Lowe, 115 F.2d 596, 598 (7th Cir. 1940), cert. denied, 311 U.S. 717, 61 S.Ct. 441, 85 L. Ed. 466 (1941).

We believe that in the instant case there is evidence that appellant and his accomplices selected an out of town bank for the purpose of gaining a time interval between the deposit of the $732.17 check and its return dishonored from Lawrenceburg. The ordinary banking practice relied on was the use of the mails. Actually here the mails were only used for the return of the dishonored check. But this return by mail contributed to the time interval for cashing checks which appellant and his accomplices sought. It was an integral part of the fraudulent scheme. Deschenes v. United States, 224 F.2d 688 (10th Cir. 1955); Stevens v. United States, 227

F.2d 5 (8th Cir. 1955); Decker v. United States, 140 F.2d 378 (4th Cir. 1944).

The judgment of the District Court is affirmed.