**UNITED STATES of America,
Plaintiff,**

v.

**Malcolm McCONAHY, Defendant.
No. 68–CR–107.**

United States District Court
E. D. Wisconsin.

Jan. 3, 1969.

James B. Brennan, U. S. Atty., by Thomas R. Jones, Asst. U. S. Atty., Milwaukee, Wis., for plaintiff.

Stanley P. Gimbel, Gimbel & Gimbel, Milwaukee, Wis., for defendant.

## OPINION AND ORDER

REYNOLDS, District Judge.

Defendant, Malcolm McConahy, is charged in a six-count indictment with mail fraud in violation of 18 United States Code § 1341.* The indictment charges that the defendant opened checking accounts in near and distant banks in personal and corporate names. By de-

---

* § 1341. "Frauds and swindles

"Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, or to sell, dispose of, loan, exchange, alter, give away, distribute, supply, or furnish or procure for unlawful use any counterfeit or spurious coin, obligation, security, or other article, or anything represented to be or intimated or held out to be such counterfeit or spurious article, for the purpose of executing such scheme or artifice or attempting so to do, places in any post office or authorized depository for mail matter, any matter or thing whatever to be sent or delivered by the Post Office Department, or takes or receives therefrom, any such matter or thing, or knowingly causes to be delivered by mail according to the direction thereon, or at the place at which it is directed to be delivered by the person to whom it is addressed, any such matter or thing, shall be fined not more than $1,000 or imprisoned not more than five years, or both."

positing in one bank worthless checks written on another, the indictment charges that the defendant was able to obtain cash and deposit credits from the various banks involved.

At the trial, the evidence showed a total of over $50,000 in worthless checks was written on banks in Hawaii; Montreal; San Francisco; Ely, Minnesota; and Milwaukee. Representatives of five of the banks testified as to losses totaling over $9,000.

Counts I, IV, and V of the indictment were dismissed because of failure of proof with respect to the mailings. The jury found the defendant guilty of Counts II, III, and VI.

Defendant has filed consolidated motions for judgment of acquittal, for arrest of judgment, and for a new trial. The issues raised by these motions have been extensively briefed by counsel for the defendant and by the Government. Essentially, the defendant's contention is that the Government failed to allege or prove that the use of the mails was an essential element of his scheme to defraud, and inasmuch as such allegation and proof is required by the statute, he should be acquitted.

FACTS ESTABLISHED AT TRIAL

The mailings involved in the three remaining Counts occurred in December 1967 and January 1968. In Count II, the mailing involved a check dated December 1967, drawn on the Chartered Bank of London in San Francisco, California, and deposited in the Bank of Milwaukee & Trust Company. This check was mailed on or about December 14, 1967, by the bank in which it was deposited to the bank on which it was drawn. It was worthless.

After this date, five worthless checks were deposited in the Chartered Bank of London. The apparent purpose of these deposits was to cover the worthless check involved in the second mailing Count. One of the five checks was dated December 18, 1967, and was drawn on the Bank of Milwaukee & Trust Company.

Count III involves a worthless check drawn on the Bank of Montreal, dated December 29, 1967, and mailed on or about January 2, 1968, by the Bank of Milwaukee & Trust Company in which it was deposited to the bank on which it was drawn. About this same time, a worthless check in the amount of $5,000, dated December 29, 1967, drawn on the Bank of Hawaii, was en route to Montreal. The apparent purpose of this deposit was to cover the worthless check which is the subject of Count III.

Count VI involved a worthless check dated December 29, 1967, drawn on the Bank of Hawaii, deposited in the American City Bank, and mailed in mid-January to the bank on which it was drawn. It went first by carrier, but after being returned to Milwaukee as worthless, it was thereafter mailed and returned, and again mailed and returned.

A worthless check was placed in the Bank of Hawaii to cover the worthless deposit, the subject of Count VI. Checks were drawn against or cash was withdrawn from the American City Bank account up through February 1968, and on February 2, 1968, a worthless check was deposited in this account, drawn on the Bank of Montreal for $600.

DID THE FACTS IN THIS CASE CONSTITUTE A CRIME UNDER 18 U.S.C. § 1341?

Defendant contends that no crime under federal law was proved. It is defendant's position that a conviction for mail fraud requires proof (1) that the use of the mails was an essential element of the scheme to defraud, and (2) that the defendant in fact caused such use of the mails. In support of this contention, defendant relies on Kann v. United States, 323 U.S. 88, 65 S.Ct. 148, 89 L.Ed. 88, 157 A.L.R. 406 (1944), and Parr v. United States, 363 U.S. 370, 80 S.Ct. 1171, 4 L.Ed.2d 1277 (1960).

In the view of this court, both of these cases are distinguishable from the case at bar. In Kann, the fraudulent checks were actually cashed by the banks. The Supreme Court reasoned that since

the defendant had already received the moneys, the scheme to defraud had been completed; therefore, the subsequent mailing of the checks by the banks for collection could not be an element of the previously consummated scheme to defraud.

The court specifically distinguishes the above situation from a situation where the mails are used for purposes of concealing the fraud so that further fraud, which is part of the scheme, can be perpetrated. As an example of such concealment, the Supreme Court cites United States v. Lowe, 115 F.2d 596 (7th Cir. 1940), cert. denied 311 U.S. 717, 61 S.Ct. 441, 85 L.Ed. 466 (1940). The *Lowe* case and the case at bar both involve check-kiting schemes in which the lapse of time between deposit of the fraudulent check and its return dishonored is essential to the scheme to defraud.

■ In the case at bar, the defendant deposited worthless checks and received credits, sometimes along with some cash, in return. This is unlike *Kann* where the defendant obtained cash for the check and the fraud was complete before the mailing occurred. The time interval required for the collection of the checks involved was essential to the present defendant's scheme because it enabled him to draw against the credits received or to cover one worthless check with another. The use of the mails contributed to this time interval and thus became an element of the scheme. This view and distinction have been adopted by the Sixth Circuit in United States v. Hendrickson, 394 F.2d 807 (6th Cir. 1968).

The defendant also relies on Parr v. United States, 363 U.S. 370, 80 S.Ct. 1171, 4 L.Ed.2d 1277 (1960). This case, however, involved the misappropriation of school district funds. District officials had properly assessed school taxes by mail as required by state law. Once collected, the funds were then misappropriated by the collecting officials. The Supreme Court declined to hold that the mail collection of the funds was sufficient to render their subsequent and independent misappropriation a "mail fraud" within the meaning of the federal statute. Thus, *Parr* is both distinguishable and inapplicable to the case at bar.

## DID THE DEFENDANT CAUSE THE MAILS TO BE USED?

■ As an alternative argument, the defendant contends that since all the checks involved were presented in person to local banks, he did not "cause them to be mailed" within the meaning of the statute. In the view of this court, this argument is in error.

Pereira v. United States, 347 U.S. 1, 74 S.Ct. 358, 98 L.Ed. 435 (1954), involved the deposit of a check in a bank in one city for collection from a bank in another city. The check itself was valid but had been obtained from a third party by fraud. The Supreme Court upheld a conviction for mail fraud on the basis of the use of the mail by the bank to collect this check. In this light, the court said at pages 8–9, 74 S.Ct. at page 362:

> "The elements of the offense of mail fraud under 18 U.S.C. (Supp. V) § 1341 are (1) a scheme to defraud, and (2) the mailing of a letter, etc., for the purpose of executing the scheme. *It is not necessary that the scheme contemplate the use of the mails as an essential element.* United States v. Young, 232 U.S. 155 [34 S.Ct. 303, 58 L.Ed. 548]. Here, the scheme to defraud is established, and the mailing of the check by the bank, incident to an essential part of the scheme, is established. * * * Where one does an act with knowledge that the use of the mails will follow in the ordinary course of business, or where such use can reasonably be foreseen, even though not actually intended, then he 'causes' the mails to be used. * * *" (Emphasis added.)

On the facts of the case at bar, this court holds that the jury could and did find that the defendant caused the mails to be used in furtherance of his scheme to defraud. Even if he did not actually intend that the banks would attempt to

collect the checks by mail, such action could be reasonably foreseen. Consequently, the finding of guilt under 18 U.S.C. § 1341 is valid.

In support of his various motions, defendant also sets out fourteen additional grounds which constitute alleged errors in the conduct of the trial. Each of these alleged errors was raised during the trial and denied by this court at the time. No new arguments have been advanced to support the allegation of error in these instances. The court has carefully considered the arguments previously advanced and finds no reason to change its previous rulings.

It is therefore ordered that defendant's motion for acquittal be and it is hereby denied.

It is further ordered that defendant's motions for arrest of judgment and for a new trial be and the same are hereby denied.