# UNITED STATES v. RIEDEL.

## No. 7879.

Circuit Court of Appeals, Seventh Circuit.

Feb. 17, 1942.

Rehearing Denied March 24, 1942.

Samuel G. Harrod, Jr., of Eureka, Ill., and Julian B. Venezky, of Peoria, Ill., for appellant.

Howard L. Doyle and Geo. R. Kennedy, U. S. Atty., and Marks Alexander, Asst. U. S. Atty., all of Springfield, Ill., and J.

O. Brown, Asst. U. S. Atty., of Peoria, Ill., for appellee.

Before EVANS, SPARKS, and MAJOR, Circuit Judges.

Defendant was convicted and sentenced for violations of Section 338, Title 18 U. S.C.A., and of Sec. 17 of the Securities Act of 1933, as amended. Sec. 77q Title 15, U.S.C.A. Three of the counts on which defendant was convicted, charged illegal use of the mails in furtherance of a scheme to defraud. The other six counts upon which he was also convicted, were for unlawful schemes to defraud in the sale of securities, by use of the U. S. mails in violation of the Securities Act. Sec. 77q, 77x, Title 15, U.S.C.A. The statute on each offense provides a maximum penalty of five years. The sentence was within said maximum.

Defendant's assignments of error raise the following alleged errors:

(1) The evidence fails to show any violation of the use of the mails to defraud statute. To support this point, appellant argues that the letters and cards which were mailed, were not in furtherance of the scheme to defraud, which, if it existed at all, was completed before said letters and cards were mailed.

(2) The evidence fails to support conviction on six of the counts charging violations of Section 77b of the Securities and Exchange Act, 15 U.S.C.A. section 201. The basis for this attack is that the certificate upon which it is claimed the fraud occurred, was not a "security" within the definition of said Act.

(3) Error is also assigned because the various counts of the indictment are duplicitous and the court erred in overruling defendant's motion to quash them.

(4) Defendant also argues that he was convicted on the uncorroborated evidence of an accomplice. This testimony was condemned as unworthy of belief and given by the witness to secure probation and it was disputed by other facts and circumstances.

(5) Defendant also argues that the seizure of defendant's books and records, under color of subpoena duces tecum, was unauthorized and void.

EVANS, Circuit Judge.

■ *Seizure of Books and Records.* The bill of exceptions does not contain the evidence received on this issue. It does show that the Securities and Exchange Commission obtained possession of the books and apparently on a subpoena duces tecum. That subpoena is not in the bill of exceptions. Whether it was addressed to a corporation or to an individual does not appear. It also appears that a motion was made by defendant to suppress this evidence, and a hearing was had at the conclusion of which the court denied the motion.

The testimony received at this hearing is not in the bill of exceptions, and defendant is, therefore, in no position to raise the question he seeks to present.

We need not therefore consider the Government's contention that the evidence was, in fact, obtained pursuant to a subpoena duces tecum directed to a corporation and served upon one having possession of the books of said corporation, and therefore legal. Essgee Company of China v. United States, 262 U.S. 151, 158, 43 S. Ct. 514, 67 L.Ed. 917.

■ *Accomplice.* We may dismiss without elaboration, the contention that the evidence in this case came largely from the lips of an accomplice. Such evidence, under innumerable decisions of the Federal Court, is sufficient, even standing alone, to support a conviction. Heitler v. United States, 7 Cir., 244 F. 140.

■ *Duplicitous Indictment.* The charge that each of the three counts in the indictment is duplicitous because the two defendants charged therein acted in concert to effectuate their scheme to defraud, through the use of the mails, must be rejected. Preeman v. United States, 7 Cir., 244 F. 1, 9. The fact that out of the allegations which were necessary to sustain an indictment under Sec. 338, Title 18, U.S. C.A., there may have been facts showing an unlawful conspiracy to violate Sec. 77q, Title 15 U.S.C.A. (which is denied) does not make it duplicitous.

■ *Sufficiency of the Evidence.* More serious is the question raised by defendant that the scheme to defraud was completed when the second necessary step, to-wit, the use of the mails in furtherance of said scheme, occurred. In short, it is defendant's contention that the mails were not used *in furtherance* of the scheme to defraud. While denying that there was a scheme to defraud, he also argues that, as a matter of law, it (the scheme to defraud) must have been over before the let-

ters or cards were mailed, and, therefore, the mailing was not *in furtherance* of the scheme to defraud.

The ruling on this contention turns on a study of the facts. If the scheme to defraud were over, or had been abandoned, there could be no use of the mails *in furtherance* of it. The words "in furtherance of" as applied to the scheme may be established only when the scheme is still in existence.

■ We are satisfied, however, that the evidence shows, and rather clearly, that the scheme was not over. A scheme to defraud may well include later efforts to avoid detection of the fraud. A fraudulent scheme would hardly be undertaken, save for profit to the plotters. Avoidance of detection and prevention of recovery of money lost by the victims are within, and often a material part of, the illegal scheme. Further profit from the scheme to defraud, as such, may be over, and yet the scheme itself be not ended.

■ *Security Negotiated.* Whether the issuance of a certificate by the trust estate, in consideration of the surrender of the stock, issued by defendant's corporation, concerned a "security" within the purview of the Securities Act of 1933, is also determinable solely from the evidence. If the certificate were not a security, there could be no valid conviction on six of the counts.

We are convinced from a reading of the "voucher certificate" and a study of the circumstances under which it was issued, that this document falls within the meaning of the term "security" as that word is used and defined in Section 77b(1) of 15 U.S.C.A., section 201(1) of the Act. Securities and Exchange Commission v. Crude Oil Corp., 7 Cir., 93 F.2d 844, 849. Courts have given to this Act and its language, a liberal construction, one consistent with its purpose. Under these authorities we are convinced a sale may include an exchange of property. In other words, one may sell a security and be paid therefor in cash, or in another security, or in any other object of value such as a house, —a horse, etc.

When defendant caused the trust estate to issue its certificates in place of the stock certificates previously issued by the corporation (also controlled by defendant), and such exchange operated as, and was a part of, the fraud which defendant practiced on the purchaser, a violation of the Act occurred. The jury was well justified, from all the evidence, in finding that such was the transaction here in question.

■ It is, of course, not incumbent upon the Government to sustain conviction on each of the nine counts of the indictment upon which the jury found the defendant guilty (although it has done so). It is sufficient if there be a valid conviction on any of the counts. For the sentence was one which could have been imposed on each and every count.

The judgment is affirmed.