## UNITED STATES v. PLATT.
### No. 9007.

Circuit Court of Appeals, Seventh Circuit.
July 3, 1946.

Julius L. Sherwin, Theodore R. Sherwin, and ·Sherwin & Sherwin, all of Chicago, Ill., for appellant.

J. Albert Woll, U. S. Atty. and George G. Kelly, Asst. U. S. Atty., both of Chicago, Ill., for appellee.

Before SPARKS, KERNER and MINTON, Circuit Judges.

SPARKS, Circuit Judge.

The defendant was charged by grand jury indictment with having unlawfully stolen goods and chattels from an interstate shipment of freight, in violation of 18 U.S.C.A. § 409. He pleaded not guilty and waived a jury trial. It was stipulated that the goods named in the indictment were part of an interstate shipment. The defendant was found and adjudged guilty and sentenced to the custody of the Attorney General of the United States for a period of three years, and from that judgment this appeal is prosecuted. The issues raised are: (1) Whether the findings are sufficient to support the judgment and whether they are supported by substantial evidence; (2) whether independent possession of stolen articles is a necessary element of a violation of the statute referred to; and (3) whether the trial court erred in admitting evidence of defendant's participation in other acts of the same nature not charged in the indictment.

The evidence discloses that the appellant in company with two accomplices drove to the scene of the crime; that appellant acted as lookout while the accomplices entered a truck for the purpose of stealing the goods and chattels referred to, and that after the theft was consummated, and while the two accomplices were preparing to load the booty into appellant's car, he and his accomplices were apprehended by the police. While appellant admits his presence at the scene of the crime, he contends that he had no knowledge that he was to be used by his two accomplices as a lookout while they perpetrated the crime charged. Accomplice Chears testified that he had

told appellant, just before starting on the trip, that the latter was to act as a "lookout" for the other accomplices. Under these circumstances the District Court admitted the evidence of this accomplice to the effect that appellant, at other previous times, had been out at night with him and other accomplices on similar actions and with the same purposes; that on such previous occasions appellant had acted as a lookout for his accomplices while the latter stole goods from other trucks, which were afterwards sold and the money divided between the three, including appellant.

It is clear that if the evidence relied upon was admissible it fully supports the finding and judgment. Since appellant was found to be a direct accomplice in an illegal venture, it was unnecessary to prove that he actually stole the merchandise involved. 18 U.S.C.A. § 550; Ellis v. United States, 8 Cir., 57 F.2d 502; Touhy v. United States, 8 Cir., 88 F.2d 930.

While the testimony of an accomplice is to be considered and weighed with caution, yet it is not necessary that such testimony should be corroborated in order to support a conviction. United States v. Glasser, 7 Cir., 116 F.2d 690; United States v. Riedel, 7 Cir., 126 F.2d 81.

Appellant urges with considerable emphasis that the court erred in receiving evidence of other alleged offenses for the purpose of showing intent. As a general rule a defendant cannot be convicted of any offense by the mere proof that he has committed some other like offense. However, when the question of intent or scienter is involved it is proper to introduce evidence of other like offenses for the purpose of showing scienter and the actual intention of the defendant in the case at bar.

Ordinarily the question of intent is not involved in the charge of larceny. However, in this case appellant was found guilty of the offense charged because he became a party to it by reason of the fact that he was acting as a lookout, or an aider or abettor. He first brought the question of intent and scienter into the case by denying that he knew what the other parties were doing, contending that therefore he did not intend to aid or abet

them and did not know he was acting as a lookout. Under those circumstances we think it was quite proper for the court to receive and consider evidence of other like activities on his part, in order that it might know the extent of his knowledge of the facts and what his real intention was. In this there was no error. King v. United States, 8 Cir., 144 F.2d 729; United States v. Tandaric, 7 Cir., 152 F.2d 3; Jones on Evidence (1938) Vol. 1, secs. 145, 146; Ruling Case Law, Vol. 8, Criminal Law, sec. 195; Wigmore on Evidence (1940) Vol. II, sec. 346.

Judgment affirmed.