**Bernarr Frank HAYDEN, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 19488.**

United States Court of Appeals
Ninth Circuit.

March 29, 1965.

Rehearing Denied May 10, 1965.

Al Matthews, Los Angeles, Cal., for appellant.

Manuel L. Real, U. S. Atty., John K. Van de Kamp, Asst. U. S. Atty., Chief, Crim. Div., Jo Ann I. Dunne, Asst. U. S. Atty., Chief, Frauds Sec., Crim. Div., John A. Mitchell, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before CHAMBERS, BARNES and MERRILL, Circuit Judges.

PER CURIAM.

Appellant appeals from his conviction on four counts, two charging mail fraud (18 U.S.C. § 1341) and two charging wire fraud (18 U.S.C. § 1343). Appellant was sentenced to two years on each count, to run concurrently.

Jurisdiction existed below pursuant to 18 U.S.C. § 3231, and here pursuant to 28 U.S.C. § 1291.

We hold there is no merit in the appeal. The sole error alleged is the failure of the district court to dismiss the indictment

**460**

for lack of jurisdiction, based on the theory that the means (telegram, telephone and mail) were used in June 1963, while the money was delivered in May 1963. The superseding indictment charged the scheme to defraud began May 23, 1963 and continued to June 30th, 1963.

Thus, urges appellant, the means used were not for the purpose of executing a scheme to defraud, relying on Kann v. United States, 323 U.S. 88, 65 S.Ct. 148, 89 L.Ed. 88 (1944) and Parr v. United States, 363 U.S. 370, 80 S.Ct. 1171, 4 L.Ed.2d 1277 (1959), nor for "lulling" the victim. United States v. Sampson, 371 U.S. 75, 83 S.Ct. 173, 9 L.Ed.2d 136 (1962).

The government's answer is that the calls and wires occurred before the scheme to defraud had been *completed*. After having received sums of money on false invoices on May 23, 1963, May 27, 1963 and May 29, 1963, appellant sought to obtain further funds on false invoices (Exhibits 4 and 11) on May 31st, 1963, et seq.

The Kann case, supra, relied on by appellant, by its own language, is inapplicable to the case at bar. It distinguishes those "cases where the use of the mails is a means of concealment so that further frauds which are part of the scheme may be perpetrated." 323 U.S. at 94–95, 65 S.Ct. at 151.) It cites United States v. Riedel, 126 F.2d 81 7th Cir. 1942); Dunham v. United States, 125 F.2d 895 (5th Cir. 1942); United States v. Lowe, 115 F.2d 596 (7th Cir. 1940). See also the dissenting opinion arguments of Justices Douglas, Black, Jackson and Rutledge in Kann, supra.

In this type of case, "it is not necessary to allege that the scheme was successful, or that the loss was incurred as a result of its operation." (United States v. Lowe, supra, at 597.) The use of the mails was an essential step in the scheme to defraud, and a "continuing" one. Decker v. United States, 140 F.2d 378, 379 (4th Cir. 1944).

Of course, if the acts subsequent to the payment of the money fraudulently ob-

tained are to lull the defendants into inaction or forestall action, the Kann rule does not apply. United States v. Sampson, 371 U.S. 75, 83 S.Ct. 173 (1962). This factual issue it is unnecessary to reach.

Affirmed.