**UNITED STATES of America,**
**Appellee,**

v.

**Selwyn VANDERPOOL, Appellant.**

**No. 74–1625.**

United States Court of Appeals,
Fourth Circuit.

Argued Oct. 7, 1975.

Decided Nov. 10, 1975.

Certiorari Denied Feb. 23, 1976.
See 96 S.Ct. 1131.

---

**1206**

George A. Mills, III, Huntington, W.Va. [court-appointed counsel] (Greene, Ketchum, Baker & Mills, on brief), for appellant.

John A. Field, III, U.S. Atty. (Ray L. Hampton, II, Asst. U.S. Atty., and Michael F. Pezzulli, Summer Law Clerk [Third year law student], on brief), for appellee.

Before BRYAN, Senior Circuit Judge, and BUTZNER and RUSSELL, Circuit Judges.

PER CURIAM:

The defendant appeals from a mail fraud conviction asserting (1) that the indictment on which he was convicted was defective; (2) that there was a failure in the essential proof of the offense, and (3) that there was error in the admission of certain testimony. We find no error and affirm.

■ The defendant's contention of defect in the first six counts of the indictment is predicated on what he claims to be an absence of specific allegations of the artifice or scheme used by the defendant in his alleged fraud. Such allegations, he claims, are essential to a statement of the offense under the statute. It is conceded by the defendant that the indictment in its introductory portions fully and accurately sets forth the alleged scheme or artifice involved in the charge and that such prior allegations are made a part of the challenged counts by reference. The defendant admits that allegations in other counts may be incorporated by reference in other counts to supply the required essentials of the charge. He claims, though, that the essential allegations of a count, while they may be supplied by reference to the averments in another count of the indictment, may not be supplied by reference to matters set forth, however, fully, in the introductory parts of an indictment. We find the distinction without merit. It is no doubt preferable that in an indictment, such as that here, the scheme or artifice might better have been incorporated in one of the counts and then adopted by reference in the other counts, as authorized under Rule 7(c), Fed.Rules Crim.Proc., 18 U.S.C., but we see no valid reason why the same result should not follow when the artifice or scheme is clearly stated in the introductory parts of the indictment and thereafter incorporated by reference in the subsequent counts.[1] After all, the purpose of the

---

1. *United States v. McGuire* (2nd Cir. 1967) 381 F.2d 306, 319, *cert. denied* 389 U.S. 1053, 88 S.Ct. 800, 19 L.Ed.2d 848; *Nichols v. United States* (5th Cir. 1931) 48 F.2d 46, 47.

indictment is to inform fully the defendant of the charge against him.[2] This indictment met that test. As the Court said in *United States v. McGuire, supra* (381 F.2d at 319):

> No possible confusion could have been created in the defendants' minds as to what the charges were that had been brought against them and as to what the allegations were that they would be required to defend against upon trial.

■ Under the alleged scheme to defraud it was claimed by the Government that the defendant sold franchises to various parties authorizing the franchisees on behalf of the defendant to lease cars to prospective lessees. The defendant made a charge of $500 each for such franchises. During the period covered by the indictment he realized almost one million dollars from such sales. It was represented to the franchisees that all franchise applications, when submitted accompanied by the required payment of $500, were conditional until approved by a committee at the home office of the defendant. If the franchise application was approved, the franchisee was to be furnished with leasing kits and other material. The defendant asserts that the only use of the mails in connection with the alleged scheme was a letter customarily written by the defendant to all franchise applicants after the receipt of their payment, advising them that their applications had been approved by the home office committee and congratulating them upon their approval.[3] Defendant, relying on *United States v. Maze* (1974) 414 U.S. 395, 94 S.Ct. 645, 38 L.Ed.2d 603, contends that this letter was not an integral part of the scheme

to defraud but was merely a letter of congratulations.[4] We do not so construe the letter. In our opinion it was an essential and integral part of the scheme to defraud and certainly was intended to lull the franchisees, as that term was defined in *United States v. Sampson* (1962) 371 U.S. 75, 83 S.Ct. 173, 9 L.Ed.2d 136.

The basic question is whether the mailing was "in furtherance of" the scheme. The evidence shows that defendant consistently followed the practice of sending these letters to applicants after receipt of the money. Obviously, the scheme had not ended; on the contrary, it contemplated the mailing of these letters in an effort to reassure the defrauded franchisees, as well as to provide what the defendant represented to be the necessary committee approval of the applicant's franchise application.[5] The letter thus served a dual purpose. But even considered only as intended to reassure the franchisee, it could properly be regarded as a part of the artifice. "Avoidance of detection and prevention of recovery of money lost by the victims are within, and often a material part of, the illegal scheme. Further profit from the scheme to defraud, as such, may be over, and yet the scheme itself be not ended." *United States v. Riedel* (7th Cir. 1942) 126 F.2d 81, 83. "[A] scheme to defraud may well include later efforts to avoid detection of the fraud." Mailings for this purpose are sufficient to bring the offense within the statute of limitations.[6]

■ Defendant asserts that it was error to allow the witness Harold Ferry, one of the franchisees, to testify about representations made to him by Horn,

---

**2.** *United States v. Bagdasian* (4th Cir. 1961) 291 F.2d 163, 165, *cert. denied* 368 U.S. 834, 82 S.Ct. 60, 7 L.Ed.2d 36 (1961).

**3.** Such a committee was never shown to have existed.

**4.** Defendant argues that the scheme came to an end with the receipt of the money, as in *Maze.* However, that case involved a credit card scheme in which the only use of the mails was by the company and not by the partici-

pants in the scheme. Here the defendant used the mails in contacting the prospective franchisees as well as sending the acceptance letters.

**5.** *Clark v. United States* (1953) 93 U.S.App. D.C. 61, 208 F.2d 840, *cert. denied* 346 U.S. 865, 74 S.Ct. 105, 98 L.Ed. 376 (1953).

**6.** *United States v. Wernes* (7th Cir. 1946) 157 F.2d 797, 799.

defendant's representative, outside defendant's presence. As in *Pritchard v. United States* (8th Cir. 1967) 386 F.2d 760, *cert. denied* 390 U.S. 1004, 88 S.Ct. 1247, 20 L.Ed.2d 104 (1968), there is adequate circumstantial evidence to show authorization due to the fact that the representations were substantially similar to those made by defendant.[7] Moreover, the testimony in question was not different from that given by the defendant himself and by several other witnesses in the case. The admission of the testimony, under any circumstances, was harmless error.[8]

We find no reversible error and the judgment of conviction and sentence will be affirmed.

*Affirmed.*

---

7. *See, Beck v. United States* (8th Cir. 1929) 33 F.2d 107.

8. Fed.Rules Crim.Proc. 52(a), 18 U.S.C.