UNITED STATES of America, Appellee,

v.

Ronald E. HERIFF, Appellant.

No. 78–5111.

United States Court of Appeals,
Fourth Circuit.

Argued Nov. 16, 1978.

Decided Dec. 22, 1978.

---

John L. Henning, Elkins, W. Va., for appellant.

David A. Jividen, Third Year Law Student (Steven G. Jory, U. S. Atty., Elkins, W. Va., and William A. Kolibach, Wheeling, W. Va., Asst. U. S. Atty., on brief), for appellee.

Before WIDENER and HALL, Circuit Judges, and HOFFMAN [*], Senior District Judge.

PER CURIAM:

Appellant Heriff was convicted of thirty counts [1] of mail fraud in violation of 18 U.S.C. § 1341. From January, 1973 to June, 1974, he promoted an amusement park (Funland Amusement Park) which he proposed to build in Clarksburg, West Virginia. Heriff had no experience in building or operating an amusement park. He persuaded local persons to loan money to his corporation, Universal Housewares, Inc., in return for notes which were to pay an income of 12% per annum from Funland profits. He collected $45,000 from investors, but did not expend any significant amount of money in furtherance of the project. [2]

At various times after he obtained money from Funland investors, Heriff sent these people letters assuring them of the success of the project and promising them great financial gain. Heriff sent these letters while he was still in Clarksburg soliciting new investors, some of whom were friends of existing investors. The Government alleged that these letters were sent for the purpose of lulling victims into inactivity. Such a use of the mails is "for the purpose of executing" a fraudulent scheme and violates 18 U.S.C. § 1341. *United States v.*

---

[*] The Honorable Walter E. Hoffman, Senior United States District Judge, sitting by designation.

1. Judge Maxwell merged the thirty counts into twelve for sentencing pursuant to *United States v. Perkal,* 530 F.2d 604 (4th Cir. 1976).

2. Heriff signed a contract for park rides, but his down payment check bounced. He did use the contract to show investors the progress being made on the park. He obtained the services of an advertising agency and of a contractor but never paid for the work they performed. Heriff also leased land for the park but never paid rent because the rent was to be a percentage of the park's profits.

*Sampson,* 371 U.S. 75, 81, 83 S.Ct. 173, 9 L.Ed.2d 136 (1962).

An examination of the record indicates that the Government's evidence demonstrated beyond a reasonable doubt that Heriff's purpose in sending these letters was to lull the recipients into a nonvigilant state regarding their investment. Heriff had promised that Funland would be operating in May of 1973 and it was not. In order to remain in Clarksburg and solicit new investors through August of 1974, he had to reassure existing investors that their money was safe. We have previously noted in *United States v. Vanderpool,* 528 F.2d 1205, 1207 (4th Cir. 1975), that " '[a]voidance of detection and prevention of recovery of money lost by the victims are within, and often a material part of, the illegal scheme.' " Quoting *United States v. Riedel,* 126 F.2d 81, 83 (7th Cir. 1942).

On appeal, however, Heriff asserts that the Government must prove beyond a reasonable doubt that the letters did in fact lull the victims into inactivity. Appellant cites no authority for this proposition and we can find none. Such a rule is patently illogical and would reward those individuals who prey upon trusting and unsophisticated persons. Cf. *Erwin v. United States,* 242 F.2d 336, 337 (6th Cir. 1957) (violation of 18 U.S.C. § 1341 does not depend on whether defendant actually obtained money but on whether defendant used the mails to execute a scheme to defraud). Appellant's argument is without merit. The Government met its burden of proof by showing that Heriff intended that his letters lull his victims into a state of nonvigilance, enabling him to conceal and continue his scheme.

AFFIRMED.