21 F.3d 425
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Bobby Julian BATTS, Jr., Defendant-Appellant.
 No. 93-5583.
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 18, 1994.
Decided March 11, 1994.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. W. Earl Britt, District Judge. (CR-93-26)
 Michael G. Howell, Asst. Fed. Public Defender, Raleigh, NC, for Appellant.
 J. Douglas McCullough, U.S. Atty., Steve R. Matheny, Special Asst. U.S. Atty., Hal F. Askins, Special Deputy Atty. Gen., Raleigh, NC, for appellee.
 E.D.N.C.
 AFFIRMED.
 Before WILLIAMS and MICHAEL, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Bobby Batts appeals from a district court judgment entered pursuant to a jury verdict finding him guilty of possessing a firearm after being convicted of a felony, in violation of 18 U.S.C.A. Sec. 922(g) (West Supp.1993). Batts was a passenger in a vehicle involved in a police chase, which ended with police forcing the vehicle in which Batts was riding to stop. Batts's arresting officer, Deputy Alvin Proctor, saw Batts holding a gun in his hand as he exited and ran from the vehicle. Proctor pursued Batts on foot until he rounded the corner of a house. When Proctor paused to peer around the corner of the house before continuing, he saw Batts pointing the gun directly at him. He then ordered Batts to drop the gun, and testified that Batts responded by throwing the gun to his right.
 
 
 2
 On appeal, Batts contends that the district court committed error by admitting into evidence hearsay testimony by Proctor and another officer, Edith Ward, a canine handler, to the effect that upon Ward's arrival at the scene moments after Proctor apprehended Batts, Proctor told Ward that Batts had a gun and had thrown it into the grass to his right. We find the admission of this evidence to be harmless, since it did not justify any conclusion not already warranted by nonhearsay evidence. See United States v. Indelicato, 611 F.2d 376, 383-84 (1st Cir.1979); United States v. Vanderpool, 528 F.2d 1205, 1207-08 (4th Cir.1975). Deputy Proctor testified to personally witnessing Batts hold the gun and throw it to his right. He also testified that he could see the finish of the gun in the grass with his flashlight. Finally, when Ward arrived on the scene only moments later with a police dog highly trained in conducting article searches, the dog quickly found a gun in the grass, and reacted to the discovery with an extremely strong aggressive alert, which Ward testified indicated that the gun had been in its location for less than thirty and probably less than fifteen minutes.
 
 
 3
 Viewing this evidence in a light most favorable to the government, we find it sufficient to support the jury's conclusion that the government established that Batts possessed the gun which police found in the grass, and therefore reject Batts's contention that the court erred by denying his motion for acquittal. See Jackson v. Virginia, 443 U.S. 307 (1979). Moreover, we reject Batts's assertion that the court erred by permitting the introduction of the gun into evidence on redirect examination. The record discloses that, contrary to Batts's assertions, the gun was the subject of questioning on cross-examination. In any event, the court could, within its discretion, properly admit this evidence in the interest of justice, since it was clearly highly relevant to the crime with which Batts was charged. See United States v. Riggi, 951 F.2d 1368, 1375 (3d Cir.1991).
 
 
 4
 Finally, we find no error committed by the district court in responding to the jury's question regarding whether it could take into account the lack of fingerprint evidence in making its determination. The fact that the court accommodated the government's request for an instruction regarding the element of possession immediately before answering the jury's question did not detract from the unequivocal, direct, and clear affirmative response by the court to the jury's question. Accordingly, the judgment of the district court is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.*
 
 
 5
 AFFIRMED.
 
 
 
 *
 In view of our disposition of this case, we deny Batts's motions to hold this case in abeyance and to appoint new counsel for him