**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 11, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

DOUGLAS LEE FROWNFELTER,

Defendant-Appellant.

No. 10-4016
(D.C. No. 2:08-CR-00808-TS-1)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **EBEL**, and **GORSUCH**, Circuit Judges.

Defendant Douglas Lee Frownfelter appeals the district court's denial of his 18 U.S.C. § 3143(b) motion for release pending appeal. The Government opposed the motion in the district court and has filed an opposition brief on appeal. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3145, and we reverse.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

I.

The case against Frownfelter stems from his receipt of adoption subsidy payments through the Utah Division of Child and Family Services ("DCFS") that were funded in part by the United States Department of Health and Human Services. In 1995, Frownfelter and his wife adopted a son with special needs. Three years later, the couple divorced, sharing joint-custody of their son. In March 2001, however, the son began living primarily with Frownfelter. Based on this arrangement, in September 2002, Frownfelter applied for and was granted adoption subsidy assistance through DCFS. In December 2002, he began receiving monthly payments in the amount of $559. In January 2003, the child went to live with his mother, but Frownfelter did not notify DCFS of this fact and continued to receive the monthly adoption subsidy. As a result, from February 2003 to October 2006, when DCFS discovered the situation and terminated the payments, Frownfelter received over $24,000 in adoption subsidy payments to which he was not entitled.

On December 3, 2008, Frownfelter was charged in an eleven-count indictment of stealing government funds in violation of 18 U.S.C. § 641. The background section of the indictment detailed the scheme and explicitly stated that Frownfelter ultimately stole over $24,000. The counts comprised a separate section, which, in an opening paragraph, putatively incorporated the background

allegations. The next paragraph recited the language of § 641; accused Frownfelter of failing to notify DCFS of his changed circumstances; and alleged that the total amount stolen exceeded $1,000. Finally, the indictment set forth a chart enumerating eleven separate counts. Each count corresponded to the date of a specific adoption subsidy payment and the amount of that particular payment. Count Eleven charged Frownfelter with receiving $559 on October 2, 2006.

Frownfelter pled guilty to Count Eleven, and the remaining counts were dismissed. He later argued to the district court that based on the amount charged in Count Eleven, he had pled guilty only to a misdemeanor and should be sentenced as such. The court rejected that argument, however, concluding at sentencing that Count Eleven incorporated the introductory paragraphs of the indictment, including its allegation that Frownfelter had unlawfully obtained over $24,000. Thus, it found the indictment was sufficient to allege a felony under § 641, and that Frownfelter had knowingly pled guilty to the felony in his Statement in Advance of Plea. The court imposed a sentence of one year plus one day.

Frownfelter filed an appeal in this court challenging the legality of his sentence on the grounds that he pled guilty to a misdemeanor rather than a felony. Based on the same grounds, he also filed a motion in the district court seeking release during the pendency of his appeal. It is the district court's denial of that motion that is presently under review.

II.

Under § 641, theft of government property with a value in excess of $1,000 is a felony punishable by a maximum term of imprisonment of ten years. "[B]ut if the value of such property in the aggregate, combining amounts from all the counts for which the defendant is convicted in a single case, does not exceed the sum of $1,000," the violation is a misdemeanor, punishable with a fine or a term of imprisonment not to exceed one year, or both. 18 U.S.C. § 641.

The district court concluded Frownfelter had pled guilty to a felony because it found that the value of the property he took "in the aggregate, combining amounts from all the counts for which the defendant is convicted in a single case, in this case Count 11, was over $1,000." App. at 111 (internal quotation marks omitted). This is confusing because Frownfelter was only convicted on Count Eleven, which alleged a theft of $559. As the district court construed the indictment, however, Count Eleven incorporated by reference the background allegation charging Frownfelter with stealing over $24,000. The court cited Federal Rule of Criminal Procedure 7(c), which states that "[a] count may incorporate by reference an allegation made in another count." It acknowledged that this rule does not explicitly authorize incorporation of language contained in introductory paragraphs of the indictment, but it pointed out that at least two circuits have allowed such practice. *See United States v. Vanderpool*, 528 F.2d

-4-

1205, 1206 (4th Cir. 1975) (permitting incorporation by reference of matter set forth in indictment's introduction); *United States v. McGuire*, 381 F.2d 306, 319 (2d Cir. 1967) (holding that "introductory paragraphs not part of another count and specifically referring to the counts involved are considered part of the numbered counts following them"). Based on these cases and the lack of contrary Tenth Circuit authority, the court concluded Frownfelter had pled guilty to stealing over $1,000 in government funds, a felony under § 641. It further concluded that Frownfelter's appeal failed to raise a substantial question as to this issue, thereby precluding relief under § 3143(b). We review the court's decision de novo, giving due deference to its purely factual findings. *United States v. Kinslow*, 105 F.3d 555, 557 (10th Cir. 1997).

Requests for relief under § 3143(b) should be granted only if the court finds, in addition to factors not relevant here, that the appeal "raises a substantial question of law or fact likely to result in (i) a reversal; (ii) an order for a new trial; (iii) a sentence that does not include a term of imprisonment; or (iv) a reduced sentence to a term of imprisonment less that the total of the time already served plus the expected duration of the appeal process." 18 U.S.C. § 3143(b)(1)(B). "[A] 'substantial question' is one of more substance than would be necessary to a finding that it was not frivolous. It is a 'close' question or one that very well could be decided the other way." *United States v. Affleck*, 765 F.2d 944, 952 (10th Cir. 1985) (internal quotation marks omitted).

In our view, whether Frownfelter pled guilty to a felony or a misdemeanor is such a close question. That is not to say we disagree with the holdings of *Vanderpool* and *McGuire*. But in those cases the only issue was whether the indictments contained sufficient details of the alleged crimes. Those courts did not consider the propriety of sentencing a defendant based on aggregating amounts stolen at different times, as alleged in separate counts, or based on an amount referred to only in an introductory paragraph of the indictment. More importantly, the background allegations in those cases did not independently determine the level of the offense charged. By contrast, if we were to ignore the background allegations in the indictment against Frownfelter, we would be left with an indictment charging eleven separate misdemeanors, ten of which were ultimately dismissed. Accordingly, it is not clear to us from the four corners of this indictment that each individual count constituted a felony charge, which must be the case if Frownfelter's sentence is to be sustained.

## III.

For the foregoing reasons, we conclude that Frownfelter's appeal raises a substantial question of law that is likely to result in a reduced sentence as set forth in § 3143(b)(1)(B). We therefore REVERSE the district court's order of

January 7, 2010, and return this matter to the district court on a limited REMAND with instructions to set appropriate conditions for Frownfelter's release pending resolution of his appeal.

<div style="margin-left: 40%">

Entered for the Court
Per Curiam

</div>