**UNITED STATES of America,**

**v.**

**Edwin Gerardo Figueroa SEPULVEDA, Defendant.**

**Case No. 1:13–cr–00310–GBL–1.**

United States District Court, E.D. Virginia, Alexandria Division.

Signed Nov. 6, 2014.

Michael Ben'Ary, Stacey K. Luck, U.S. Attorney's Office, Alexandria, VA, for United States of America.

### MEMORANDUM OPINION AND ORDER

GERALD BRUCE LEE, District Judge.

THIS MATTER is before the Court on Defendant Edwin Sepulveda's Motion to Dismiss Counts 3 & 4 for Failure to Allege the "Hold for Ransom, Reward, or Otherwise" Element of Kidnapping ("Motion to Dismiss"). (Doc. 117.) This case arises from the murder of DEA Special Agent James Terry Watson in Bogota, Colombia on June 20, 2013. The issue before the Court is whether to dismiss Counts 3 and 4 of the indictment because the Government failed to allege the necessary language therein. The Court DENIES Defendant's Motion to Dismiss Counts 3 & 4 for Failure to Allege the "Hold for Ransom, Reward, or Otherwise" Element of Kidnapping because the indictment need not mirror the statutory language and Paragraph 17 incorporates by reference facts alleging the necessary elements of the kidnapping charges.

### I. BACKGROUND

On July 18, 2013, a federal grand jury returned an indictment charging six defendants with the murder of DEA Special Agent James Terry Watson. (Doc. 15 ¶ 1.) The murder allegedly occurred on June 20, 2013, in Bogota, Colombia in a taxi cab as part of a scheme to rob taxi riders. (Doc. 15 ¶ 17.) The indictment charged the six defendants, including Defendant Sepulveda, with: Count 1, murder of an internationally protected person and aiding and abetting that murder, in violation of 18 U.S.C. §§ 2, 1116(a), (c); Count 3, conspiracy to kidnap an internationally protected person, in violation of 18 U.S.C. § 1201(c); and Count 4, kidnapping an internationally protected person and aiding and abetting that kidnapping, in violation of 18 U.S.C. §§ 2, 1201. (Doc. 15.)

### II. DISCUSSION

The Court DENIES Defendant's Motion to Dismiss because the indictment does not have to mirror the statutory language and Paragraph 17 incorporates by reference facts alleging the necessary elements of the kidnapping charges. An indictment must "apprise the accused of the charge or charges leveled against him so he can prepare his defense." *United States v. Fogel,* 901 F.2d 23, 25 (4th Cir. 1990). An indictment is typically sufficient unless it is so defective that it fails to charge the offense under any reasonable construction. *See United States v. Sewell,* 513 F.3d 820, 821 (8th Cir.2008). An indictment is complete if it gives a defendant "full notice of the charge which he must defend." *Fogel,* 901 F.2d at 25; *see also United States v. Ali,* 735 F.3d 176, 194 (4th Cir.2013) (holding that an indictment is sufficient if it provides sufficient detail that enables a defendant to "plead an acquittal or conviction in bar of future prosecution for the same offense"). Indictments are not required to follow the exact language of the statute charged. *See United States v. White,* 475 F.2d 1228, 1235 (4th Cir. 1973).

Rule 7 of the Federal Rules of Criminal Procedure allows a count of an indictment to incorporate by reference an allegation made in another count. FED.R.CRIM.P. 7(c)(1). In *United States v. Vanderpool,* the Fourth Circuit held that Rule 7(c)(1) allows an indictment to incorporate by reference introductory parts of the indictment into subsequent counts, reasoning that this is in accordance with an indict-

ment's purpose—to fully inform the defendant of the charges against him. 528 F.2d 1205, 1206–07 (4th Cir.1975).

Count 3 of the indictment (Conspiracy to Kidnap), in pertinent part, alleges as follows:

> *The allegations set forth in paragraphs 1 through 17 of this Indictment are incorporated herein by reference*.... On or about June 20, 2013, in Bogota, Colombia ... Edwin Gerardo Figueroa Sepulveda ... did knowingly combine, confederate and conspire to seize, confine, inveigle, decoy, kidnap, and abduct Special Agent Watson, an internationally protected person and an official and employee of the United States engaged in the performance of his official duties, using the manners and means alleged in paragraphs 8–17 above.

(Doc. 15 at 7) (emphasis added). Count 4 of the indictment (kidnapping; aiding and abetting), in pertinent part, alleges as follows:

> *The allegations set forth in paragraphs 1 through 17 of this Indictment are incorporated herein by reference.* ... On or about June 20, 2013, in Bogota, Colombia ... Edwin Gerardo Figueroa Sepulveda ... aiding and abetting ... others, did, and did attempt to, unlawfully seize, confine, inveigle, decoy, kidnap and abduct Special Agent Watson, an internationally protected person and an official and employee of the United States engaged in his official duties."

(*Id.* at 9) (emphasis added). 18 U.S.C. § 1201(a) (kidnapping) provides, in pertinent part, that "[w]hoever unlawfully seizes, confines, inveigles, decoys, kidnaps, abducts, or carries away *and holds for ransom or reward or otherwise any person*...." (emphasis added).

■ The Court holds that Counts 3 and 4 of the indictment are sufficient as Paragraph 17 is incorporated by reference and thus gives the defendant full notice of the charges which he must defend. *See Fogel,* 901 F.2d at 25. Paragraph 17 sets forth facts constituting the kidnapping charges. Specifically, Paragraph 17 provides:

> On or about June 20, 2013, in Bogota, Colombia, the defendants targeted Special Agent Watson for a "millionaire's ride." After the defendants *picked up Special Agent Watson in a taxi,* the defendants *transported and held* Special Agent Watson. One of the defendants used a stun gun to shock Special Agent Watson. One of the defendants stabbed Special Agent Watson. Special Agent Watson was able to *escape from the defendants' custody.* He soon collapsed and was brought to the hospital, where he was declared dead. He died from blood loss resulting from multiple stab wounds.

(Doc. 9 ¶ 17) (emphasis added). In the Court's view, Paragraph 17, properly incorporated by reference under *Vanderpool,* gives Defendant "full notice of the charge[s] which he must defend"—two counts of kidnapping (Counts 3 and 4). *Fogel,* 901 F.2d at 25. Accordingly, Counts 3 and 4 of the indictment are sufficient.

Defendant's arguments that Counts 3 and 4 of the indictment are insufficient are unavailing as (1) *Vanderpool* and Rule 7 of the Federal Rules of Criminal Procedure clearly permit incorporation by reference of introductory language in an indictment to subsequent counts; and (2) it is of no import that Paragraphs 12 and 13 allege what the Defendants did in conditional language, (*see* Doc. 117 at 3), because an indictment must fully inform the defendant of the charges against him and this indictment informs Defendant Sepulveda.

## III. CONCLUSION

The Court DENIES Defendant Edwin Sepulveda's Motion to Dismiss because the

indictment does not have to mirror the statutory language and Paragraph 17 incorporates by reference facts alleging the necessary elements of the kidnapping charges. Accordingly, it is hereby

**ORDERED** that Defendant's Motion to Dismiss Counts 3 & 4 for Failure to Allege the "Hold for Ransom, Reward, or Otherwise" Element of Kidnapping (Doc. 117) is **DENIED.**

**IT IS SO ORDERED.**